Hook, Plaintiff in Error, v. Turner, Defendant in Error.

1. The defendant may rely upon the statute of frauds as a defence to a petition for the specific performance of a parol contract to convey land, although he does not set it up in his answer, but simply denies the contract.
2. A contract in consideration of refraining from bidding at a judicial sale is void.

### Error to Calloway Circuit Court.

Petition for the specific performance of a contract to convey a portion of land purchased by the defendant at a sale, alleged in the petition to have been made at the court-house door in the town of Fulton for the purpose of distribution among the heirs of Elijah Dawson, deceased. The petition stated that the plaintiff and defendant both wanted a part of the land to be sold, and that it was agreed between them before the sale, that they would run the land up to a certain price, and that defendant should bid in the land in his own name, and should afterwards convey to the plaintiff the part sought to be recovered in this suit, upon the same terms that he himself obtained it, and that the plaintiff had made a tender of the price agreed upon. The defendant, in his answer, denied the contract, as well as the tender. The trial was by the court without a jury, and the facts found as stated in the opinion of Judge Ryland.

J. F. Jones, for plaintiff in error. 1. The statute of frauds does not operate in cases of either fraud or trust. (16 Mo. 544; 4 Kent, 305-7; 1 Lomax Dig., 200-3; 20 Mo. 84;

15 Ves., 50; 6 B. Mon., 106; 2 Sto. Eq., 759; 1 Johns. Ch'y., 149; 1 Vern., 159; 2 Vern., 445; 4 Conn., 568; 1 P. Wms., 771; 1 W. & S., 136; 2 Coms., 821; 3 Gilm., 529; 11 Paige, 431.)

*Hardin*, for defendant in error. 1. The relief sought is the performance on the part of the defendant in error of a parol agreement for the conveyance of land. It is not claimed by plaintiff that he had possession of, or made improvements on the land under the agreement; nor that there was even part payment of the purchase money; nor that defendant even owned the land when the agreement was made. Beyond these facts courts can not compel performance, when the defendant by his answer denies the agreement, or, if admitting it, claims protection under the statute of frauds. (Sug. on Vendors, p. 127; 3 A. K. Marsh., 445.) 2. Where no bill of exceptions is preserved, and where the record does not show any exceptions taken by the plaintiff in error to the opinions or decisions of the court, upon motion made by plaintiff, the judgment must be affirmed. (13 Mo. 424.)

RYLAND, Judge, delivered the opinion of the court.

There are two objections to the relief sought by the plaintiff in this action, both fatal to his right of recovery. In the first place, the contract as set forth in the plaintiff's petition is a verbal contract, not reduced to writing; nor is there any memorandum or note thereof in writing, signed by any one; it is a verbal contract respecting the sale of land: at least, it is of and concerning an interest in land. It is clearly within the statute of frauds and perjuries. The defendant denies the alleged contract in his answer. He expressly states that there never was such a contract entered into as set up in the plaintiff's petition, or any contract of any kind for the land aforesaid by and between plaintiff and defendant.

The court that tried the case found the following facts: That "Turner agreed with Hook that if Hook would not bid against him for a tract of land, situated between their farms,

he would buy the tract, and divide it between them in a manner agreed upon by them at the rate he paid for the tract; Turner bought the land—the plaintiff offered him the money agreed upon for the part he was to have, and the defendant refused to let him have the land. On this state of facts, the court find for the defendant."

The plaintiff, without making any motion for a review of law or fact, and without any exception taken and saved to any ruling of the court below, brings the case here by writ of error, and relies upon the point, that as the defendant did not plead the state of frauds, he cannot invoke its aid to defeat this suit. But the decisions will not support him in this view. Where the defendant in his answer denies the contract, it is not necessary for him to insist upon the statute as a bar. (Wildbahn v. Robidoux, 11 Mo. Rep. 660.) But the plaintiff, in such case, must produce legal evidence of the existence of the agreement, which can not be established by parol proof. (3 Paige, 481; 2 Paige, 181; 3 A. K. Marshall, 445.) Upon this ground the plaintiff can not recover.

The second ground also is fatal to his right to recover. If the sale at which the land in controversy was sold was a judicial sale, as it seems to have been from the manner the plaintiff has set it forth in his petition, then the contract as alleged by the plaintiff was against public policy, and for that reason the court would not enforce it at the suit of any of the parties. (Wooton et al. v. Hinkle, 20 Mo. 290.) However this may be, the contract is clearly within the statute of frauds, and the court below decided properly in favor of the defendant. The judgment is affirmed ; Judge Leonard concurring.