———o———

JOSEPH DURFEE and WM. H. BARTLETT, Plaintiffs in Error, *vs.* DAVID MORAN, *et al.*, Defendants in Error.

1. *Practice, civil—Instructions in chancery suits.*—Where an answer sets up equitable defenses and the case is tried by the Court sitting as Chancellor, little regard will be paid by the Supreme Court to instructions.

2. *Sale of land after satisfaction of judgment.*—It is well established that if a judgment be satisfied, the power to sell under it ceases, and in case of sale, the purchaser gets no title. (Durette v. Briggs, 47 Mo., 356.)

3. *Land, sales of—Inadequacy of consideration—Equity will interfere, when.*—Although inadequacy of consideration is not of itself a distinct and independent principle of relief in equity, yet when the transaction discloses a state of affairs that shocks the moral sense or outrages the conscience, courts will interfere on slight grounds.

4. *Land sales—Combination to prevent bidding—Effect of.*—It is now the uniform doctrine that any combination, at public or private sales, having the effect of preventing competition in bidding, is against the policy of the law and avoids the sale.

*Error to Andrew Circuit Court.*

*Bennett Pike & H. K. White,* for Plaintiffs in Error.

I. The cases which seem to decide that a sale made under a satisfied judgment is absolutely void will not be found to sustain this position. In few of them was the question before the court for determination, and, in these, knowledge of the satisfaction was shown to have been acquired by the purchaser before purchase. (See Swan vs. Saddlemire, 8 Wend., 676 ; Lewis vs. Palmer, 6 Wend., 676 : Wood vs. Colvin, 2 Hill, 566 ; State vs. Salyers, 19 Ind., 432.) The case of Durette vs. Briggs is no exception. In this case the party purchasing had the means of knowing of the sale of sufficient property to satisfy the only valid execution. (Durette vs. Briggs, 47 Mo., 356.)

*Heren & Rea*, for Defendants in Error.

I. The price was so inadequate in this case, that it affords strong grounds for the presumption of fraud, and in such case the court will narrowly scan all the attendant circumstances. (Nelson vs. Brown, 23 Mo., 13 ; Parker vs. Han. and St. Joe Railroad Co., 44 Mo., 415 ; Clarkson vs. Creely, 35 Mo., 95 ; White vs. Damon, 7 Ves., Jr., p. 30.)

II. In equity cases, declarations of law are improper. (Gill vs. Clark, 54 Mo., 415.)

III. The judgment under which the land was sold had been satisfied and the sale was therefore void and passed no title. (See Weston, vs. Clark, 37 Mo., 568 ; Peck vs. Tiffany, 2 N. Y., 451 ; Craft vs. Merrill, 14 N. Y., 456 and cases therein cited.)

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment brought in the Andrew Circuit Court to recover the possession of certain real estate situated therein.

The defendants, Jackson, James C. and Margaret Abney filed their joint answer denying the allegations in the petition, and setting up ownership of the lands in the defendant Margaret Abney. They then made a further equitable defense, and charged that all the claim and interest plaintiffs had in

the land they acquired by and through a sheriff's sale and deed, made to the plaintiff Bartlett by the sheriff of Andrew county, on a judgment rendered in the Circuit Court of that county, in favor of Arnold, against the defendants Jackson and James C. Abney, for the sum of $476.03 debt, and $7.85 costs; that the said Jackson and James C. Abney made an agreement with the plaintiffs in the judgment, that they would pay them the sum of $250, on the judgment, the costs and attorney's fee, which was to be taken as full satisfaction; that at this time the Abneys lived in the Territory of Colorado, and the plaintiffs in the judgment were living in the city of Philadelphia, at which places both parties continued to reside till after the sheriff's sale; that in pursuance of the agreement, the Abneys forwarded to Rufus McDonald, in the city of St. Joseph, an agent of the firm of Arnold, the sum of $270.00 to pay off the judgment according to the agreement, and that McDonald received the same, and paid $250.00 to Arnold, the plaintiff in the judgment, but failed to cause said judgment to be satisfied on the records of the court; that the Abneys, after they had paid said sum of $270.00, believed that the judgment had been satisfied in full, and knew nothing of the issuing of the execution and the sale of the lands by the sheriff until long after the sale was made.

It is further alleged that the plaintiffs in the judgment did not cause the execution to be issued, and the lands sold; but that the same was done at the instance of Bartlett, the plaintiff herein. The charge is also made that there was an agreement by Bartlett with J. W. Strong, on the day of the sheriff's sale, that if Strong would refrain from bidding against him he would let Strong have an interest in the land, which agreement was carried out between the parties. It was averred that the land was worth over $4,600.00 and the plaintiff bought it in for $7.74, and that at the time of issuing execution, the defendant, Margaret Abney, owned one half of it in fee, and that since that time the other half had been conveyed to her. The answer then tendered to the plaintiff the

Durfee v. Moran, et al.

amount of his bid and interest thereon, and asked for a decree setting aside the sheriff's deed, and divesting the title out of the plaintiffs and vesting it in the said Margaret.

A replication was filed, admitting that the defendant Margaret owned one-half of the real estate ; but there was a denial of all the other material charges and averments in the answer.

Upon the exhibits and proofs offered in evidence the court rendered a decree in accordance with the prayer of the defendants.

Complaint is made here in reference to instructions or declarations of law given by the court ; but as the answer interposed an equitable defense, and the court tried the cause as a chancellor, we will pay very little regard to any declarations asked or given.

The testimony mainly, though not entirely, sustained the allegations in the answer. The proof as exhibited in McDonald's deposition, is very explicit in reference to the compromise spoken of, and the payment of the money. It shows that the firm of Arnold wrote to him and authorized him to receive from the Abneys the sum of $250.00 with costs and attorney's fees as a full satisfaction for their judgment. In a short time thereafter, the Abneys remitted to him $270, for the purpose of payment according to the agreement. He sent $250 to Arnold & Co., and informed Mr. Bassett, the attorney who procured the judgment, that there was $20 in his hands to pay for costs and attorney's fees in the suit. Bassett said that it was not enough ; and then he wrote to the Abneys to that effect, but received no answer. It does not appear whether the letter ever reached the hands of the Abneys or not. The $20 remained in the hands of McDonald, for a year or two, and finally Bassett took it and gave him a receipt therefor. This, it seems from the dates given, was after the execution was issued and the sale took place. The allegation in the answer that the execution was issued at the instance or procurement of the plaintiff, is not supported by evidence, as the clerk of the court swears that he issued the execution in conformity with the directions of Bassett, the attorney. The

alleged agreement with Strong to prevent his bidding at the sale is fully borne out by plaintiff's own testimony. Strong was desirous of obtaining an interest in the land and was at the sale, and plaintiff, Bartlett, proposed to him if he would not bid, that he would buy the land and give him a one-third interest in it. This proposition was assented to, Strong refrained from bidding, and Bartlett purchased the land at five cents per acre, making the aggregate amount of $7.74. After the sale Bartlett conveyed one-third interest in the land to Strong as he had agreed to do. Abney's interest in the land which was purchased on execution, was proved to be worth over $1,000.

It is very evident that both the plaintiffs and defendants in the judgment, neither of whom resided in Andrew county, were under the impression that the judgment was satisfied. The plaintiffs had received their money long before the execution was issued by the clerk, and the costs and attorney's fees alone remained to be adjusted. The costs were only $7.85 and $20 was in the hands of McDonald to pay them and the attorney's fees. It is fair to presume the attorney did not consider the balance in the hands of McDonald, after deducting the costs, an adequate compensation, and in this he was perhaps correct. The money paid, more than satisfied the judgment and costs, and the attorney seems to have been careless and indifferent about the matter; for he repeatedly told McDonald that he would write up to Andrew county and see what the amount was, but he seems to have neglected it.

It is well established, that if a judgment is satisfied, the power to sell under it ceases; and should a sale take place under it, the purchaser will acquire no title. (Durette vs. Briggs, 47 Mo., 356 and cases cited.)

As the judgment and costs were paid, whether there was a complete satisfaction depended solely upon the payment of the attorney's fee, and the attorney himself afterwards took the amount without making any objection. We do not say that when the sale was had there was a full and final satisfac-

Durfee v. Moran, et al.

tion; but the circumstances above alluded to may have an important bearing upon the facts, which will now be adverted to.

That the price paid was grossly inadequate, there can be no doubt, and although it is true that inadequacy of consideration is not of itself a distinct or independent principle of relief in equity, still, where the transaction discloses a state of affairs that shocks the moral sense or outrages the conscience, courts will interfere on slight circumstances to promote the ends of justice and defeat the schemes of fraud. (Han. & St. Joe R. R. Co. vs. Brown, 43 Mo., 294.) Where property is palpably sacrificed, and a valuable estate is acquired for a mere pittance, all the attending circumstances will be closely scrutinized. (Parker vs. Han. & St. Jo. R. R. Co., 44 Mo., 415.)

It is now the uniform doctrine that any combination at public or private sale, having the effect of preventing competition in bidding, is against the policy of the law and void. In the case of Wooten vs. Hinkle, (20 Mo., 290) a sale was set aside, because there was an agreement among several persons, that one of the number should bid off the land, and the others should refrain from bidding; and then it should be divided between them. (See also Hook vs. Turner, 22 Mo., 333.) Now in the present case Strong desired to purchase the land, and the inference is that he was silenced by Bartlett agreeing to give him an interest. This taken in connection with the inadequacy of price, and the further fact that the defendants were non-residents, and resting in the confident belief that the judgment was satisfied, abundantly justifies the decree of the court, and it should therefore be affirmed.

All the judges concur, except Judge Sherwood, who is absent.