## N. G. GIBBS & another *vs.* L. C. SMITH.

Hampden.    September 21. — 26, 1874.    MORTON & ENDICOTT, JJ.,
. absent.

An agreement not to bid or to influence any one else to bid for the service or labor of the inmates of a house of correction is against public policy and void, and no action will lie upon it, even if the party letting the services has sustained no injury by reason of the making of the agreement.

CONTRACT to recover for the breach of the following written agreement signed by the parties thereto : " An agreement made this day between N. G. Gibbs, S. A. Cornell, L. C. Smith and J. C. Kingsley, that the said Gibbs and Cornell will not bid or influence any one to bid, and will not accept the contract of any one else ; and further, the said Kingsley agrees to pay the said Gibbs and Cornell the sum of five hundred dollars if he gets the contract of the jail for the coming three years; and further, the said Smith agrees to pay said Gibbs and Cornell eight hundred dollars if he accepts the contract of the jail for the next three years and runs it."

At the trial in the Superior Court, before *Wilkinson*, J., the plaintiffs offered to prove that the agreement related to the letting upon bids advertised for by the overseers of the house of correction of Hampden County, for the services and labor for three years, of the inmates of the house of correction of the county ; that they fully performed their agreement, and that the defendant accepted the contract of the jail as specified in the agreement and runs it, and although requested by plaintiffs to pay them the sum of eight hundred dollars, according to the terms of said agreement, refuses so to do ; that the plaintiffs, by reason of favoritism, would not have obtained the contract if they had made bids therefor; and that the county was, therefore, in no manner injured by the agreement of said parties.

Upon these offers the presiding judge ruled that the plaintiffs could not maintain their action, on the ground that the agreement was against public policy and void, and directed a verdict for the defendant, and the plaintiffs alleged exceptions.

*E. B. Gillett & H. B. Stevens,* for the plaintiffs.    The ruling of the court, that the plaintiffs could not maintain their action

on the ground that the agreement was against public policy and void, was wrong.   Although *primâ facie* it might be considered obnoxious to this objection, the offer of the plaintiffs to prove the favoritism which would prevent the plaintiffs obtaining the jail contract, whatever their bid might be, relieves the agreement of that objection, and introduces a praiseworthy motive on the part of the plaintiffs, and such proof would unquestionably be in aid of public policy and public morals.   Besides, the case expressly finds that the county was in no manner injured by the contract of the parties as contained in said agreement, which purges it altogether of any possible taint of being in contravention of public policy.   *Phippen* v. *Stickney*, 3 Met. 384.

*G. M. Stearns & M. P. Knowlton*, for the defendant.

DEVENS, J.   An agreement between two or more persons that one shall bid for the benefit of all upon property about to be sold at public auction, which they desire to purchase together, either because they propose to hold it together, or afterwards to divide it into such parts. as they wish individually to hold, neither desiring the whole, or for any similar honest or reasonable purpose, is legal in its character and will be enforced; but such agreement, if made for the purpose of preventing competition and reducing the price of the property to be sold below its fair value, is against public policy and in fraud of the just rights of the party offering it, and therefore illegal.   *Phippen* v. *Stickney*, 3 Met. 384, 387. 1 Story Eq. Jur. § 293.   Story Sales, § 484.

The contract in the present case is manifestly of the latter class. The labor of the. inmates of the house of correction was to be sold at auction.   The plaintiffs contracted with the defendant not to bid for it if the defendant would pay them a certain sum if he obtained it.   The only consideration for the defendant's promise was that the plaintiffs should abstain from bidding.   Competition would thus be destroyed so far as these parties were concerned, and the labor might thus be obtained at a rate lower than its fair market value.   The contract thus made being against public policy, no action can be maintained upon it by the parties thereto.   *Fuller* v. *Dame*, 18 Pick. 472.   *Rice* v. *Wood*, 113 Mass.

Nor is it any answer to show that no injury has been done to the party selling.   That which renders the contract illegal is not

the injury the parties have actually occasioned, but the purpose which they must have contemplated when it was made ; its validity is tested not by its results, but by its objects as shown by its terms.                              *Exceptions overruled.*