JOSEPH D. LAWNIN, Appellant, *v.* CHARLES D. BRADLEY ET AL., Respondents.

February 27, 1883.

CONTRACT AGAINST PUBLIC POLICY.— A contract between two persons to refrain from bidding against each other at a judicial sale, and that one should bid in the property and each should pay one-half of the purchase-money, is against public policy, and will not be enforced.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Affirmed.*

HERMANN & REYBURN, for the appellant.

D. DILLON, for the respondent.

THOMPSON, J., delivered the opinion of the court.

Waiving the questions which have been presented, relative to procedure in this court, we shall consider the one

question which relates to the merits, whether the circuit court erred in sustaining the demurrer to the petition.

The substance of the petition is, that some real estate was about to be sold at sheriff's sale; that the plaintiff agreed with the defendant Bradley, that he and Bradley would not bid against each other, but that Bradley should bid the property in, that the plaintiff should pay one-half the purchase-money, should have a half interest in the land, and that the deed should be made to a third person as trustee of the legal title for the plaintiff and Bradley; that the defendent Jamison, who had an undisclosed interest in the land, ratified the agreement on being informed of it; that the sale took place; that Bradley bid in the property, as agreed, the plaintiff, on the faith of the agreement, refraining from bidding against him; that, after the sale, the plaintiff, in pursuance of the agreement, paid one-half of the purchase-money to the sheriff; but that Bradley, nevertheless, repudiated the agreement and had the title put in the name of the defendant Capelle, who paid nothing toward the purchase, and who knew nothing of the agreement at the time.

The sale was a judicial sale. The direct result of the agreement was to stifle competition at the sale. It was, therefore, a contract against public policy, one which courts of equity look upon with disfavor, and which they will not lend their aid in enforcing, unless circumstances clearing it of impropriety are made to appear. *Wooten* v. *Hinkle,* 20 Mo. 290; *Hook* v. *Turner,* 22 Mo. 333. No such circumstances are disclosed by the petition in this case. The demurrers thereto were properly sustained, and the judgment must be affirmed. It is so ordered. All the judges concur.