A. O. ENGELMAN, Respondent, *v.* WILLIAM SKRAINKA
ET. AL., Appellants.

#### December 4, 1883.

CONTRACTS — PUBLIC POLICY. — A contract whereby a person binds himself
to refrain from competing for public work is void as against public
policy.

APPEAL from the St. Louis Circuit Court, HORNER, J.
*Reversed and judgment.*

R. E. ROMBAUER, for the appellants : The contract is
void as in restraint of trade. — *Atchison* v. *Mallon*, 43 N.
Y. 149 ; *The People* v. *Stephens*, 71 N. Y. 527 ; *Gibbs* v.
*Smith*, 115 Mass. 592 ; *Snow* v. *Charpenning*, 20 Cal. 182 ;
*Durfee* v. *Moran*, 57 Mo. 379 ; *Hook* v. *Turner*, 22 Mo.
333 ; *Lawnin* v. *Bradley*, 13 Mo. App. 361.

BROADHEAD & HAEUSSLER, and C. V. SCOTT, for the
respondent : Contracts which are limited to time and place
though tending to restrain trade are not in a legal sense in
restraint of trade, and not necessarily void. — *Sterns* v.
*Barrett*, 1 Pick. 443 ; *Pierce* v. *Woodward*, 6 Pick. 206;
*Noble* v. *Bates*, 7 Conn. 307 ; *Bcend* v. *Dennis*, 6 Ind. 200 ;
*Presbury* v. *Fisher*, 18 Mo. 50 ; *Long* v. *Fowl*, 42 Mo.
549 ; *Alger* v. *Thatcher*, 13 Pick. 51.    When the restriction
is not general as to space or unlimited as to time, but only
partial and special, the contract is valid. — *Peltz* v. *Eichele*,
62 Mo. 171 ; *Skrainka* v. *Scharringhausen*, 8 Mo. App.
522 ; *Wiggins Ferry Co.* v. *Railroad Co.*, 73 Mo. 389.

THOMPSON, J., delivered the opinion of the court.

The substantial question in this case is whether the contract sued on is against public policy, as being a contract designed to stifle competition at biddings for public work. It appears that the plaintiff, being the owner of a stone quarry in St. Louis, and the defendants, being persons who followed the business of contractors of public work on the streets of the city, and the time of year drawing near at which the annual letting by the city of the public work to the lowest bidders was to be made, the plaintiff and defendants entered into the following contract : " This agreement made and entered into in duplicate, this twenty-first day of May, 1881, by and between Skrainka & Veiths, of the first part, and A. O. Engelman of the second part.

" Witnesseth, that in consideration of the covenants and agreements hereinafter set forth and entered into, and of the sum of $5, each to the other paid at the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, said party of the first part hereby contracts to purchase and receive from the party of the second part, and the party of the second part contracts to sell and deliver to the party of the first part, from July 1, 1881, to June 30, 1882, not less than six hundred and fifty squares of macadam, of such dimensions and quality as are or may be required by the contracts and ordinances of the city of St. Louis, Missouri, and acceptable to the proper officers thereof, for the repair of streets in the fifth district during said year ; said macadam is to be delivered at such points or places in said district and at such times as said first party, or said city or authorized officer thereof may require or direct ; and, as nearly as may be, in equal monthly instalments. On the first day of each month said party of the first part is to pay the party of the second part for all macadam so delivered in the preceding month, ninety-five per. cent of the price per square which the city may be paying therefor to the contractors for that year for repairing the

streets of the district where said macadam may be delivered ; reserving, however, five per cent thereof until the last payment, as a forfeit, to insure the faithful performance of this contract.

"In consideration of the premises, said party of the second part hereby covenants and agrees to and with said party of the first part, that he will not remain or become interested, directly or indirectly, in any contract, public or private, for the repairing of streets during said year in said district, nor in any contract for the sale and delivery to any other party, of macadam for the repair of streets within said district ; and that he will not voluntarily alienate or become divested of the ownership, management, or control of any quarry or part thereof now owned, leased, or operated by him without the consent of the party of the first part, indorsed hereon in writing.

"The parties hereto covenant, each with the other, faithfully to observe and to discharge the terms, obligations and agreements herein set forth ; and for any violation or evasion thereof, the offending party covenants and agrees to pay to the other as liquidated damages, the sum of $1,000, and to relinquish all and every claim, demand, payment or other benefit under this agreement. The parties hereto further covenant that, to secure the faithful performance of this agreement, each will execute and deliver to the other a bond, with satisfactory and sufficient sureties, in the penal sum of $2,000, and that the giving of such bond is to be essential to the validity of this contract.

"In witness whereof, the parties hereto have hereunto set their hands and seals in duplicate, the day and year first herein written."

Considerable testimony was given illustrating the circumstances under which the contract was made, all tending to make it clear that the contract was made in pursuance of a scheme by which the plaintiff, in consideration of getting from the defendants, for a certain amount of rock to be sold

to them during the succeeding year, as they should require it, as much as the defendants might get from the city, less five per cent, upon an agreement that he should not be a bidder for the city work.    He himself testifies orally, that this was the agreement; but his oral testimony was not necessary to make the fact appear, for the contract shows it.    It is an uniform rule, founded in public policy, that any contract, the necessary effect of which is to stifle competition in bidding at public or private sales, or at lettings of public or private work, is void.    *Durfee* v. *Moran*, 57 Mo. 374, 379; *Wooton* v. *Hinkle*, 20 Mo. 290; *Hook* v. *Turner*, 22 Mo. 333; *Lawnin* v. *Bradley*, 13 Mo. App. 361; *Swan* v. *Chorpenning*, 20 Cal. 182; *Gibbs* v. *Smith*, 115 Mass. 592; *The People* v. *Stephens*, 71 N. Y. 527; *Atchison* v. *Mallon*, 43 N. Y. 149.

The contract sued on falls clearly within this rule, and therefore the plaintiff was not entitled to judgment for a breach of it.    The court should have given the declaration of law asked for by the defendants, that under the pleadings and evidence, the plaintiff was not entitled to recover. For the error of refusing this instruction, the judgment will be reversed, and judgment will be entered here for the defendants.    It is so ordered.    All the judges concur.