ROBERT MCCLELLAND v. CITIZENS BANK.

FILED APRIL 4, 1900. No. 9,195.

Contract: CHATTEL MORTGAGE SALE: NOTE: PUBLIC POLICY. A contract whereby one agrees not to bid at a chattel mortgage sale is contrary to public policy, and a note given in pursuance of such contract is unenforceable.

ERROR to the district court for Douglas county. Tried below before SLABAUGH, J. Reversed.

Warren Switzler, for plaintiff in error:

The note having been given in pursuance and fulfillment of an illegal contract is invalid, and will not be enforced. The note sued upon in this case represents the consideration of a deal whereby the holder thereof agreed to refrain from bidding at a public statutory sale under a chattel mortgage. Such a note can not be en-

forced. The court will assist neither party to such trans-actions, but leave them where it finds them. *Phippen v. Stickney*, 3 Met. [Mass.], 384.

*George W. Shields, contra:*

It is not enough, however, in order to avoid this obli-gation, that the note sued upon grew out of or had some remote connection with the illegal transaction; it must be the transaction itself.

In *Phippen v. Stickney*, 3 Met. [Mass.], 384, it appears that Stickney and Phippen entered into a written con-tract whereby Stickney was to purchase certain land to be sold at auction, the property to be purchased, how-ever, for himself and Phippen. There was no contract that Phippen was not to bid. Stickney refused upon re-quest to convey to Phippen, and Phippen sued for dam-ages. The court, after a review of the authorities, said, that a contract may be made whereby one of several may purchase property sold at auction, for the benefit of all, and that unless fraud in fact is intended such a contract is not void, and Phippen was permitted to re-cover.

NORVAL, C. J.

In 1899 one Robert McClelland owned certain lots in the city of Omaha, which he leased to John W. Reece, who erected some buildings thereon. In the lease, Reece agreed to pay certain rent for said lots, at stated inter-vals. The lease contained the following clause: "At the termination of this lease, John W. Reece may remove at his own expense any and all buildings now in his pos-session or that he may have erected on said premises, providing all his obligations to Robert McClelland have been discharged." Reece gave a chattel mortgage on the buliding to the Citizens' Bank, the plaintiff in the lower court, to secure the payment of a note for $1,000 which he owed the bank, and afterwards sold the build-ings to Nash & Boyd, they giving him a note for $1,016

as part of the purchase price, and agreeing to pay Mc-Clelland certain back rent unpaid by Reece and to pay McClelland rent in the future; and Reece agreed to take up the $1,000 note held by the bank. Afterwards, Nash & Boyd having failed to pay the rent, McClelland purchased the buildings from them, as consideration there-for, cancelling the rent account and agreeing to protect them against the $1,016 note given by them to Reece, which latter note was in the hands of the bank as collateral security for the $1,000 note of Reece to the bank, which remained unpaid. McClelland and the bank were in dispute as to who had priority of right in the buildings; the bank claiming a first lien thereon by virtue of its chattel mortgage; McClelland disputing this, and asserting rights under the lease and contracts with Reece, and Nash & Boyd, superior to those of the bank. Finally, in order to settle the dispute without litigation, it was agreed between McClelland and the bank that the latter should foreclose its chattel mortgage on the buildings, at which sale it would refrain from bidding; that McClelland should bid in the buildings at such sale, paying the bank a certain sum therefor, the amount to be paid, depending on certain contingencies not necessary to recite; and that the bank would then secure title to the $1,016 note of Nash & Boyd and deliver the same to McClelland without cost to him. Accordingly, sale was had under the chattel mortgage, and the property was bid in by McClelland for $500, for which amount he gave the bank his promissory note. After this note became due, suit was instituted by the bank upon it against McClelland, and he answered admitting the execution and delivery of the note, but setting up as a defense thereto the agreement of the bank not to bid at the chattel mortgage sale, also the agreement to turn over to him the $1,016 note of Nash & Boyd, and failure of the bank so to do; and, further, that although it had agreed not to bid at such sale, that it, in fact, did procure a third

McClelland v. Citizens Bank.

party to bid against him thereat, although he was not aware of such fact until long after such sale.

At the trial in the district court, after proof of the matters set up in the answer, the court instructed the jury to return a verdict in favor of the plaintiff bank, and afterwards overruled defendant's motion for a new trial, and duly entered judgment on said verdict, from which judgment defendant comes to this court on petition in error. In this instruction to the jury, the court was in error. The contract between the bank and McClelland, wherein it agreed not to bid at such foreclosure sale, was void as against public policy. *McCann v. McLennan*, 3 Nebr., 25; *Hobbie v. Zaepffel*, 17 Nebr., 536; *Atlas Nat. Bank v. Holm*, 71 Fed. Rep., 489; Story, Equity Jurisprudence, sec. 293; *Doolin v. Ward*, 6 Johns. [N. Y.], 194; *Phippen v. Stickney*, 3 Met. [Mass.], 384; *Thompson v. Davies*, 13 Johns. [N. Y.], *112; *Gibbs v. Smith*, 115 Mass., 592.

It is argued there was, in the first place, no consideration for the agreement between the bank and McClelland that it would not bid at the foreclosure sale, the bank having, as a matter of law, a prior lien on the buildings in question; also, that the note was not given in consideration of such agreement, but for the buildings purchased at the sale; that the bank did in fact procure a bidder to compete with McClelland at such sale, although unknown to the latter, which amounted to a repudiation of this unlawful agreement on the part of the bank; therefore the defendant should be held liable on the note. The arguments are plausible, but are nothing more than refined distinctions whereby, if adopted, almost all agreements of that nature can be avoided by the party interested in reaping benefits therefrom. The only safe course for courts to pursue is to set the seal of disapproval upon all transactions whereby competition at sales of this character is attempted to be stifled. The note in suit is void and unenforceable in the hands of the payee.

It follows that the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.