## SWAN *v.* CHORPENNING.

ANY agreement respecting Government contracts to be awarded to the lowest bidder, which tends to deprive the Government of the advantage of competition in the bidding, is unlawful and void.

An agreement not to bid upon a contract which is to be awarded to the lowest bidder, and an agreement to withdraw a bid already made, are obnoxious to the same legal objections.

S., having put in a bid for carrying the mails over a certain route, agreed with C. to withdraw his bid and use his influence to induce the Government to give to C. a contract for a longer route, including the one bid upon, on consideration that if C. obtained the contract, S. should have an interest in it, or be paid an equivalent pecuniary compensation: *Held,* that the contract was void as against public policy.

APPEAL from the Eleventh Judicial District.

The contract, for the breach of which this action is brought, was a verbal one, and is stated in the complaint as follows:

That " on the —— day of ——, A. D. 1858, being a short time previous to the letting of the mail contract for carrying the United States mail from the city of ————, California, to the city of Salt Lake, Utah Territory, by the Post Office Department at Washington City—the said plaintiff and defendant being both mail contractors; and the said defendant being desirous to obtain from said Department the contract for carrying the said mails between said Salt Lake City and the city of Placerville; and the said plaintiff being desirous to obtain a like contract for carrying said mails between the said city of Placerville and Carson Valley, being a portion of the same mail route from the city of Placerville to Salt Lake City; and having already put in a bid therefor, for the mutual benefit and advantage of both parties, plaintiff, through his agent B. R. Nickerson, and the said defendant in person, contracted as follows: The said plaintiff, by his agent B. R. Nickerson, agreed to withdraw the bid which he had made for the contract for carrying the mails between the city of Placerville and Carson Valley, as aforesaid, and make such proof as was necessary, showing the route from the city of Placerville to Salt Lake City to be praticable, to the Post Office Department at Washington, and render such other and further assistance as he might be able in procuring a contract for said

Swan *v.* Chorpenning.

defendant from said Department, for carrying the United States mails between the city of Placerville and Salt Lake City for the term of four years next ensuing; and in consideration of said agreement on the part of the plaintiff, the said defendant agreed that if he obtained the contract for carrying said mails between the two cities aforesaid, he would give to the said plaintiff the service or carrying of the mail from the city of Placerville to Carson Valley, and divide the contract price for carrying said mails between the two cities aforesaid *pro rata* between the plaintiff and defendant, or would give to said plaintiff an equivalent in money instead thereof."

A demurrer to the complaint, on the ground that the contract set forth was void as against public policy, was overruled, and a jury trial was had and verdict for plaintiff for $30,000. Defendant moved for a new trial, which was granted by the Court below, and from this order the plaintiff appeals.

*S. W. Sanderson,* for Appellant.

I.   The contract is not against public policy; to make it void it must appear that the Government was injured in some way. That such is not the case is manifest from the fact that Government is thereby enabled to make a contract for much longer service, and therefore more beneficial to the public. No competition is prevented by this contract, for the reason the service contracted for was not sought by plaintiff; and there was no competition between him and plaintiff which was prevented by this contract to the prejudice of the Department. (*Sedgwick* v. *Stanton,* 4 Kernan, 289; *Richardson* v. *Mellish,* 9 Eng. Com. Law R. 557; *Bryam* v. *Reynolds,* 5 Wisconsin, 200; *Chadwick* v. *Knox,* 31 N. H. 226; *Formby* v. *Pryor,* 15 Geo. 258; *Winch* v. *The Birkenhead, Lancashire and Cheshire Junction R. Co.,* 13 Eng. Com. Law and Eq. 506; *Phillipotts* v. *Phillipotts,* 1 Id. 339; *Fox* v. *Cash,* 11 Penn. R. [1 Jones] 207.)

II.   The principles governing purchasers at judicial sales are applicable to the present case.

While contracts not to bid at such sales are held to be void, contracts made for the purpose of enabling parties to bid together, or agreements whereby several are able to bid as one, are sustained

by the law.    (*James* v. *Tulcrome*, 5 Texas, 512; *Small* v. *Jones*, 6 Watts & Serg. 122.)

*John Hume*, for Respondent.

The contract as alleged in the complaint was void as being against public policy.

Plaintiff alleges that he put in a bid for the route from Placerville to Carson Valley, which was a portion of the route from Placerville to Salt Lake City; that upon a promise by defendant that he would give him an interest in the longer line, he (plaintiff) withdrew his bid.    Such contracts among bidders for mail, or other Government contracts, necessarily tend to the prejudice of the Government, and are consequently void.    The bid of Swan for the Carson Valley portion of the route was either better or worse for the Government than defendant's bid for the same portion of the line ; if better, it would have been accepted ; if worse, rejected. By this agreement, the Department was prevented from accepting the bid of plaintiff, which they would have had an opportunity to do, if it had not been withdrawn.    (*Gulick* v. *Baily*, 5 Halstead R. 87.)

Cope, J. delivered the opinion of the Court—Field, C. J. concurring.

This is an appeal from an order granting a new trial.    The plaintiff is the appellant, and the result of our examination of the case is adverse to the maintenance of the action.    The suit is upon an agreement entered into in fraud of the policy of the Government in respect to the mode of providing for the transportation of the mails.    Contracts for that purpose are required to be awarded to the lowest bidder, and any agreement tending to deprive the Government of the advantage of competition in the bidding is unlawful and void.    In this case, the Government advertised for proposals for carrying the mails between the city of Placerville and Carson Valley, and the plaintiff put in a bid for the contract.    The agreement in suit stipulated for the withdrawal of this bid, and by its terms made a compliance in that respect necessary before an action could be maintained upon it.    The effect was to deprive the Gov-

ernment of a bidder, and we have no hesitancy in declaring that an agreement based upon such a consideration cannot be enforced. The principle involved was laid down and elaborately discussed by the Supreme Court of New Jersey, in the case of *Gulick* v. *Ward* (5 Hals. 87). There a person had been induced by the promise of a sum of money to refrain from bidding, and the suit was brought to recover the amount. The Chief Justice, who delivered the principal opinion, after referring to the Act of Congress requiring publication, etc., proceeded to say: "The policy of the provision contained in the Act of Congress requiring this procedure by the Postmaster General, in thus publicly inviting proposals, is to enlarge the number of offers, to increase the competition among persons disposed to contract, and thereby not only to secure to the United States faithful and capable carriers, but to procure the performance of this important public service in the best manner, and upon fair, just and reasonable terms. The principle is the same as requires a Sheriff or executor to give public notice of the sale he is about to make, or induces an individual publicly to announce the vendue of his property. Now an arrangement which shall diminsh the number of competitors, lessen the number of proposals, or induce any one or more to abandon his intention of making an offer to contract, is most evidently in direct contravention of the policy of the Act of Congress, and tends to defraud, or perhaps it may be broadly asserted, does at all times actually defraud the United States. It defeats the policy of the statute, for it destroys competition and precludes the advantages which inevitably result from it." The Court held that the consideration for the promise was illegal, and that the plaintiff was not entitled to recover. We see no difference in principle between the question in that case and the one now presented, and the cases clearly fall within the same category. In respect to the consideration, it is impossible to distinguish them, for an agreement not to bid and an agreement to withdraw a bid already put in, are certainly obnoxious to the same legal objections. It is contended, that the particular circumstances of this case relieve the transaction of its illegal character; but we take a different view of these circumstances. The purpose for which the bid was to be withdrawn we do not consider material, nor do we regard as import-

ant the fact that the withdrawal resulted in no actual injury to the Government. The agreement was entered into for the accomplishment of a project of which the Government was ignorant, and whether or not the withdrawal would be detrimental, was a matter of conjecture only. The Government was not consulted, and so far as appears, the Department intrusted with the management of these affairs neither knew of the agreement nor assented to the withdrawal. The object was to induce the Government to abandon its design of contracting for the route proposed, and to obtain a contract covering the same route, but extending to other points. The motive was one of personal interest, and if the Government had chosen to adhere to its original plan, the withdrawal would necessarily have been prejudicial. The agreement to withdraw was undoubtedly injurious in its tendency, and the policy contravened by it is only to be satisfied by declaring its invalidity.

It appearing that the plaintiff has no cause of action, the case is remanded to the Court below, with instructions to dismiss the suit.

On petition for rehearing—Per COPE, J., FIELD, C. J. concurring.

The petition for a rehearing in the case must be denied; but as the counsel for the appellant thinks that the complaint can be amended so as to avoid the objection upon which we directed a dismissal of the suit, we shall modify our judgment in that respect. The judgment will be so modified as merely to affirm the order appealed from, and the Court below, before proceeding to retry the case, may allow such amendments to the complaint as shall appear to be proper, in view of the opinion expressed by us upon the validity of the contract as set forth in the complaint as it now stands.

Petition denied, and judgment modified as above stated.