[S. F. Nos. 14699, 14700. In Bank.—June 27, 1940.]

CITY OF OAKLAND (a Municipal Corporation), as Trustee, etc., Appellant, v. CALIFORNIA CONSTRUCTION COMPANY (a Corporation), Respondent.

F. Bert Fernhoff, City Attorney, C. Stanley Wood, City Attorney, and John W. Collier, Deputy City Attorney, for Appellant.

Humphrey, Searls, Doyle & MacMillan, Morgan J. Doyle, George N. Crocker and Frank V. Campbell for Respondent.

EDMONDS, J.—The question for decision concerns the right of the City of Oakland to recover the proceeds of a street improvement contract. In each of the two cases which have been consolidated upon appeal, a demurrer was sustained without leave to amend, and the appeals are from the judgments which followed those orders.

In 1928, the respondent, a paving contractor, was awarded two contracts for street work to be done under the provisions

of the Improvement Act of 1911. (Stats. 1911, p. 730.) One complaint is based upon the contract for Greenly Drive, the other upon that for Columbian Drive, but except for the particular terms of these contracts, the same facts are pleaded in each case. By separate counts, the city alleges that the contract sued upon is void because a member of the city council which awarded it was in the employ of the respondent, the respondent secured it upon false representations, and the work was obtained as the result of a conspiracy among certain paving companies, including the respondent, to control the street work of the City of Oakland by refraining from competitive bidding.

According to the allegations of the complaint, ''for a long time prior and subsequent'' to the confirmation of the street superintendent's assessment for the work, Eugene K. Sturgis, a commissioner of the City of Oakland, and as such a member of the city council, was in the employ of the respondent as an attorney. In that capacity he rendered legal services to the respondent with reference to this street proceeding, his compensation being a percentage of the total cost of the work to be performed under the contract. According to the city's allegations, because of his interest in the assessments levied and bonds issued pursuant thereto, the confirmation of such assessments is void.

In support of its second count, the appellant pleads that, for the purpose of securing the contract, the respondent made false and fraudulent representations to the effect that it would perform the work and furnish the materials according to the specifications, but that it had no intention of doing so. Continuing these charges, the city alleges that during the time the paving was being put in, one of its paving inspectors, who was assigned to inspect the work performed by the respondent, was carried upon the contractor's payroll. As a result of the ''fraudulent and corrupt'' acts of the respondent and this inspector, and in furtherance of its ''fraudulent intention'', it did not perform the work as it had agreed to do. More specifically, the city asserts, the contractor poured too much concrete each day for producing pavement with the proper finish, maintained a force of incompetent workmen and finishers, neglected to mix the concrete properly, used defective material in the gutters, and in various other respects did the work in an improper manner.

As the third cause of action, the appellant alleges that prior to the city's call for bids certain paving companies, of which the respondent was one, entered into a conspiracy to control the street work in the City of Oakland and inflate prices to be paid by property owners by refraining from competitive bidding. A number of overt acts in furtherance of the claimed conspiracy are pleaded in detail. By reason of this unlawful combination, the city complains, the respondent was the lowest bidder on the proposed improvement and was awarded the contract.

Later, the complaint in the case concerning Greenly Drive (S. F. No. 14699) continues, the superintendent of streets filed an assessment to meet the cost of the improvement, and following its levy the respondent sold and assigned the warrant, diagram and assessment, and the bonds issued thereunder for approximately $27,500, to which amount the city is entitled as trustee for the owners of the property within the assessment district. In the other case (S. F. No. 14700), the contractor is said to have received approximately $63,000, and judgment is asked in the same form for that amount.

The respondent's demurrer to each complaint specified, as its grounds, that it does not state facts sufficient to constitute a cause of action; that the court has no jurisdiction of it or the subject of the said action; that the city has not the legal capacity to sue; and that each of the causes of action is barred by the provisions of section 26 of the Improvement Act of 1911, as amended in 1923. (Stats. 1923, p. 117.) The respondent also specifically demurred to the first cause of action upon the ground of uncertainty.

 It has long been the law of California that public officers ''must not be interested in any contract made by them in their official capacity, or by any body or board of which they are members''. (Pol. Code, sec. 920; *Berka* v. *Woodward,* 125 Cal. 119 [57 Pac. 777, 73 Am. St. Rep. 31, 45 L. R. A. 420]; *Stockton P. & S. Co.* v. *Wheeler,* 68 Cal. App. 592 [229 Pac. 1020]; *Moody* v. *Shuffleton,* 203 Cal. 100 [262 Pac. 1095].) Contracts in violation of this rule are held void as against public policy, both upon the ground that the interest of the officer interferes with the unbiased discharge of his duty to the public (*Nielsen* v. *Richards,* 75 Cal. App. 680 [243 Pac. 697]; *Stockton P. & S. Co.* v. *Wheeler, supra*), and also that a contract in violation of an express statutory provi-

sion is void. (*Smith* v. *Bach,* 183 Cal. 259 [191 Pac. 14]; *Duntley* v. *Kagarise,* 10 Cal. App. (2d) 394 [52 Pac. (2d) 560].)

■ But the city does not allege that Mr. Sturgis was the respondent's attorney at the time the contracts were awarded to it. The most specific statement upon this point is that, at the time of the execution of the contract, he was both a member of the city council and an employee of the construction company. It is significant that the city does not charge him with voting to award the contract to the respondent. The facts pleaded do not show that Mr. Sturgis had an interest in the contract at the time it was awarded, and do not state a cause of action upon the ground of his disqualification. The demurrer to this cause of action was, therefore, properly sustained.

■ Concerning the second cause of action, when one makes a contract upon representations in the nature of inducements to enter into it and there is no misunderstanding as to its nature, the contract is voidable but not void. (*Wilson* v. *Southern Pacific Land Co.,* 46 Cal. App. 738 [189 Pac. 1040]; *Burns* v. *Grosvenor Inglis Corp.,* 120 Cal. App. 688 [8 Pac. (2d) 546]; Williston, "On Contracts", sec. 1488; Restatement of the Law of Contracts, sec. 475.) Under such circumstances, if the contract has been completely executed, as in the present case, the injured party's remedy is an action for damages.

The case of *Hunter* v. *County of Santa Barbara,* 110 Cal. App. 698 [294 Pac. 1082], relied upon by the appellant, arose when it was found that a contractor had increased his bid to an amount which included a sum estimated to be the difference between the par value and the market value of bonds to be taken in payment for the work. But before the contractor had done any work under the contract, the board of supervisors rescinded it and rejected the contractor's bid. That is a far different situation from the facts pleaded in the present case. There the contractor sought damages for breach of contract and it was held that he could not recover because the contract was void. Here the work has been completed and the city is suing to recover all of the consideration for the contract upon the ground that because it was not faithfully performed it is void. Upon this cause of action the demurrer was also properly sustained.

The third cause of action presents a different question. Proceedings under the Improvement Act of 1911, *supra,* include an invitation for sealed proposals or bids upon the proposed work. The purpose of such bidding is to secure a price based upon competition. Any agreement which tends to deprive the government of competition in bidding is unlawful (*Swan* v. *Chorpenning,* 20 Cal. 182; *McMullen* v. *Hoffman,* 174 U. S. 639 [19 Sup. Ct. 839, 43 L. R. A. 1117]), and where it is shown that the bids made were collusive and a contract is awarded by public officers in ignorance of such a combination, the resulting contract is void as against public policy. (*Morgan* v. *Gove,* 206 Cal. 627 [275 Pac. 415, 62 A. L. R. 219]; Dillon on Municipal Corporations, 8th ed., vol. 2, sec. 781, p. 1165; McQuillan on Municipal Corporations, 2d ed., vol. 3, sec. 1326, p. 904.) The allegations of the city state a cause of action under these principles.

Upon this point, the respondent contends that any rights the city may have had to sue upon the contracts are barred by the provisions of section 26 of the Improvement Act of 1911 as amended in 1923 (Stats. 1923, p. 117). This section provides that an action "to set aside, cancel, avoid, annul or correct any assessment or reassessment, or to review any of the proceedings, acts, or determinations therein, or to question the validity of, or to enjoin the collection of the said assessments or reassessments, or to enjoin the issuance of bonds to represent the same", must be brought within 30 days after the recording of the assessment.

However, the present action is not one within the terms of this provision. The city does not seek to set aside any assessment, or to review any "proceeding, acts or determinations" concerning the method of meeting the improvement's cost. It does not question the validity of any assessment, but as trustee for the property owners it seeks to reach money alleged to have been collected by the respondent upon a void contract. If successful in its action, no assessment would be changed and no bond would be affected, but the property owners in the assessment district would have the benefit of any money recovered by this city in their behalf.

The point that the City of Oakland has not the legal capacity to sue is also not well taken. The facts of the complaint are substantially the same as those shown in the case of *City of Oakland* v. *De Guarda,* 95 Cal. App. 270 [272 Pac.

779, 273 Pac. 819], where it was held that under the provisions of the Improvement Act of 1911, *supra,* the city is a trustee for the property owners within the assessment district, and it may maintain an action without the necessity of joining the persons for whose benefit the action is prosecuted. (Sec. 369, Code Civ. Proc.)

The judgment is reversed with directions to the trial court to overrule the demurrer as to the third cause of action and allow the respondent to answer.

Shenk, J., Curtis, J., Gibson, C. J., and Carter, J., concurred.