[Civ. No. 15975.   First Dist., Div. Two.   Oct. 18, 1954.]

ROBERT A. HOLT, Respondent, v. F. E. MORGAN et al., Appellants.

Popper & Burnstein, James M. Popper and E. Philip Michaels for Appellants.

John P. Beale and Chase & Irving for Respondent.

NOURSE, P. J.—This is an action for declaratory and equitable relief and to quiet title to a liquor license instituted by Holt, a creditor of the original licensee, Elizabeth Clark Souza and her husband, Louis Souza, against F. E. Morgan and Wayne Morgan, father and son, who had the Clark license transferred to the latter, allegedly with knowledge of a prior contractual arrangement constituting said license security for the debt to plaintiff and in fraud of plaintiff's rights. Defendants denied that the father claimed any interest in the license, that the son had any knowledge of the contractual arrangements with plaintiff and that plaintiff had acquired any right in the license and as a separate defense alleged that the arrangement between plaintiff and the Souzas so far as regarding the license violated section 7.3 of the Alcoholic Beverage Control Act (now Bus. & Prof. Code, § 24076). Pending the action, in accordance with a stipulation of the parties, the license was sold for $9,000 net and this amount deposited in court. The court found and concluded among other things in substance that defendants had when they took the transfer

of the license knowledge of the security arrangement with plaintiff, that plaintiff had an interest in the license as security, that his powers of attorney to transfer the license were irrevocable and coupled with an interest, that defendants obtained transfer of the license without adequate consideration and without any consideration from the transferee (the son), that the transfer defrauded plaintiff; that section 7.3 of the Alcoholic Beverage Act was not applicable as a defense. The judgment declared the transfer of the license to defendants null and void and awarded the $9,000 deposited in court as sales price of the license to plaintiff to be applied on the indebtedness of the Souzas. Defendants appeal.

We cannot agree with the holding that section 7.3 of the Alcoholic Beverage Control Act has no application to the case before us. That section reads:

"No licensee shall enter into any agreement wherein he pledges the transfer of his license as security for a loan or as security for the fulfillment of any agreement. Each application for the transfer of a license must be accompanied by or contain a statement verified by both the transferor and transferee specifically stating that the transfer application or proposed transfer is not made to satisfy the payment of a loan or to fulfill an agreement entered into more than ninety (90) days preceding the day on which the transfer application is filed with the board or to gain or establish a preference to or for any creditor of transferor or to defraud or injure any creditor of transferor. Said statement shall become part of the transfer application and any misrepresentation contained in said statement shall be considered the misrepresentation of a material fact." It was added to the act by Statutes 1949, chapter 1348 and became effective October 1, 1949.

The agreement to give security was made between plaintiff and the Souzas on January 27, 1950. It acknowledged a pre-existing debt of $25,000, for which action had been brought against the Souzas (on May 10, 1949); plaintiff agreed to lend them moreover $2,500 (mainly for the payment of other creditors of the Souzas, among whom the defendant F. E. Morgan appears for $1,500) and to dismiss the action with prejudice. The Souzas agreed to give a promissory note of $27,500 payable with interest in monthly instalments commencing on April 1, 1950, and to secure said note by a chattel mortgage on furniture, fixtures and equipment of the Souzas, a power of attorney authorizing in the event of default the transfer of the liquor license issued to Elizabeth Clark and a power

of attorney to transfer the lease of their business premises. The Souzas signed on the same date separate powers of attorney to plaintiff for the above purposes which referred to the above agreement and expressly declared that the powers of attorney were irrevocable. The Souzas did not make any payment on the note.

The agreement and the powers of attorney with respect to the transfer of the liquor license, which must be considered as one entity, were in substance an agreement in which Mrs. Souza pledged the transfer of her license as security for a loan, as prohibited by section 7.3 of the Alcoholic Beverage Control Act, *supra.* Respondent contends that the prohibition is directed against the making of the agreement by the licensee only, but, considering the statutory requirement that both transferee and transferor verify a statement excluding violation of this section, we have no doubt that the purpose and policy of the section is to prohibit all use of a liquor license as security and that any such use is unlawful (Civ. Code, § 1667, subd. 2) and void (*Smith* v. *Bach,* 183 Cal. 259, 262 [191 P. 14] ; *City of Oakland* v. *California Const. Co.,* 15 Cal.2d 573, 576-577 [104 P.2d 30] ). As it is the pledgee who has the interest to enforce the pledge agreement, a more restrictive interpretation which recognizes his right to the security would make the section in question wholly ineffective.

No illegal contract or right arising out of an illegal transaction can be enforced by court action. (*Franklin* v. *Nat C. Goldstone Agency,* 33 Cal.2d 628, 632 [204 P.2d 37].) In this respect it is irrelevant whether the parties were or were not *in pari delicto* ; this is only of importance for the right of the party whose fault is the lesser to recover consideration given (*Severance* v. *Knight-Counihan Co.,* 29 Cal.2d 561, 568-569 [177 P.2d 4, 172 A.L.R. 1107] ), a matter not here involved. Insofar as the judgment appealed from is based on the agreement to give security, it amounts to an enforcement of that contract, which cannot be upheld if section 7.3, *supra,* is applicable to it.

Respondent contends that section 7.3, *supra,* is not applicable because said section has no retroactive effect, and the application to said agreement would be retroactive as the debt for which the transfer of the license was pledged as security antedated the effectiveness of the section. The contention is based on a misunderstanding of "retroactive" as a legal concept. "A statute is not made retroactive merely because it draws upon facts antecedent to its enactment for its opera-

tion." (*Cox* v. *Hart,* 260 U.S. 427 [43 S.Ct. 154, 67 L.Ed. 332] ; *Earle* v. *Froedtert Grain & Malting Co.,* 197 Wash. 341 [85 P.2d 264].) It must give the previous transaction to which it relates some different legal effect from that which it had under the law when it occurred (*Ware* v. *Heller,* 63 Cal.App.2d 817, 821 [148 P.2d 410]). This meaning of the word "retroactive" applies both to the rule which disfavors the construction of a statute as having retroactive application (82 C.J.S., Statutes, §§ 412, 414, p. 980 et seq.) and to the retroactive character of a statute as ground of possible unconstitutionality. (16 C.J.S., Constitutional Law, § 414 et seq., p. 856 et seq.) ██ Under the above definition no retroactivity is involved in the application of section 7.3, *supra,* to this case. Prior to the enactment of the section plaintiff was nothing but an unsecured creditor, without any right contractual or otherwise to demand security. The enactment of section 7.3 did not cause any change in the position of an unsecured creditor. There could only be retroactive application where prior to the enactment the transfer of the liquor license had been pledged or some right to its transfer been obtained. In the four cases on which respondent relies (*Saso* v. *Furtado,* 104 Cal.App.2d 759 [232 P.2d 583] ; *Campbell* v. *Bauer,* 104 Cal.App.2d 740 [232 P.2d 590] ; *Etchart* v. *Pyles,* 106 Cal.App.2d 549 [235 P.2d 427], and *Pehau* v. *Stewart,* 112 Cal.App.2d 90 [245 P.2d 692]) both the agreement for future transfer of the liquor license and the event on which the right to present transfer was predicated antedated the effectiveness of section 7.3, *supra,* so that application would have been necessarily retroactive. In *Tognoli* v. *Taroli,* 127 Cal.App.2d 426 [273 P.2d 914], this court recently held that section 7.3 is not retroactive as to rights that have already accrued. Here both the pledge and the default are subsequent to the effectiveness of the section; no right of plaintiff under this section had accrued. The application of it is then prospective and required by the general language of the section, which does not exempt pledges given for preexisting unsecured debts.

As the trial court's holding that section 7.3 was not applicable as a defense in this case was erroneous the judgment based on it must be reversed. However we see no ground to direct the entering of judgment for defendant as the possibility exists that plaintiff is entitled to relief as an unsecured creditor under the Uniform Fraudulent Conveyance Act (Civ. Code, §§ 3439-3439.12, especially § 3439.04 and § 3439.07 of

that code) or otherwise. As the court recognized plaintiff's security rights this point has evidently not been considered by it. If the allegations as to the security rights of plaintiff, found invalid herein, are ignored as surplusage, there remain among others, allegations that plaintiff is a judgment creditor of the Souzas and that the transfer to defendant was a fictitious and fraudulent transaction. ██ Moreover the trial court after remand may permit amendment of the pleadings in its discretion. (*Heidt* v. *Minor,* 113 Cal. 385, 388 [45 P. 700] ; *Mitchel* v. *Brown,* 78 Cal.App.2d 58 [176 P.2d 957].)

Judgment reversed.

Dooling, J., and Kaufman, J., concurred.