807 P.2d 66

**Jonathan Mack LaFON, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 17853.

Court of Appeals of Idaho.

March 4, 1991.

Rehearing Denied March 4, 1991.

McDermott, Zollinger, Olley & Israel, Pocatello, for petitioner-appellant. Keith A. Zollinger argued.

Hon. Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., Boise, for respondent. Jack B. Haycock argued.

## SUBSTITUTE OPINION

The Court's prior opinion, dated November 30, 1990, is hereby withdrawn.

SILAK, Judge.

This is an appeal from a district court order denying, in part, Jonathan Mack LaFon's application for post-conviction relief. For the reasons stated below, we affirm.

In 1978, LaFon pled guilty to a charge of first degree murder, and he was sentenced to an indeterminate term of life in prison. On November 16, 1987, LaFon filed, pro se, an application for post-conviction relief, asking that he be allowed to withdraw his guilty plea. LaFon alleged that his guilty plea was not voluntarily entered in that it was coerced by threats he received from sheriff's deputies while he was being held in the Bannock County jail in 1978. He also alleged that his guilty plea was not knowingly entered in that the sentence imposed upon him by the district court was

altered by the Commission for Pardons and Parole (Commission). The Commission, as a result of policy changes, decided in 1986 that LaFon was not eligible for parole; LaFon was not aware of the detrimental effect the changed policy would have on his parole eligibility until the 1986 decision.

On March 2, 1988, the state moved to dismiss LaFon's application, pursuant to I.C. § 19–4902, on the ground that it was not timely.[1] On May 17, 1988, the district court, relying on *Mellinger v. State*, 113 Idaho 31, 740 P.2d 73 (Ct.App.1987), granted the state's motion only as to that portion of the application alleging that LaFon's guilty plea was not voluntary. The district court denied the state's motion as to the remainder of LaFon's application because LaFon had not become aware of the alleged constitutional violations until 1986. LaFon and the state subsequently entered into a stipulation which was filed with the court. On October 7, 1988, the district court entered a second order embodying both the stipulation and the court's earlier order partially dismissing LaFon's application. It is this second order from which LaFon appeals.[2]

Prior to 1979, applications for post-conviction relief could be filed at any time. A 1979 amendment to I.C. § 19–4902 imposed a five-year statute of limitation on filing such applications, and in *Mellinger* this Court ruled that the five-year statute of limitation applies to applications for relief from convictions entered before 1979.

LaFon argues that the district court erred in dismissing his application for post-conviction relief based upon the claim of a coerced confession. LaFon argues that I.C. § 19–4902 and *Mellinger v. State*, 113 Idaho 31, 740 P.2d 73 (Ct.App.1987), do not apply because: (1) he sought relief for continuing constitutional violations; (2) he previously had not sought post-conviction relief and was not shown to have had actual

---

1. I.C. § 19–4902 states in pertinent part:

An application may be filed at any time within five (5) years from the expiration of the time for appeal or from the determination of an appeal or from the determination of a

proceeding following an appeal, whichever is later.

2. The district court subsequently certified the second order as a final judgment pursuant to I.R.C.P. 54(b).

notice of the 1979 amendment to I.C. § 19–4902 imposing the five-year statute of limitation on filing applications for post-conviction relief; and (3) he could not have known of the alleged violations prior to the expiration of the five-year period.[3]

The issues raised by LaFon regarding the district court's application of the statutory five-year limitation to his application for post-conviction relief present mixed questions of law and fact. *See generally* 51 AM.JUR.2D *Limitation of Actions* § 488, at 943–44 (1970). When this Court is presented with mixed questions of law and fact, we defer to facts found upon substantial evidence, but we freely review the lower court's application of law to the facts found. *See LaGrand Steel v. A.S.C. Constructors, Inc.,* 108 Idaho 817, 818, 702 P.2d 855, 856 (Ct.App.1985).

The five-year limitation is applicable to cases where convictions were entered prior to the 1979 amendment which added the limitation period to I.C. § 19–4902. *Mellinger,* 113 Idaho at 32, 740 P.2d at 74. In such cases, the five-year period began to run on July 1, 1979, the effective date of the amendment. *See University of Utah Hospital v. Pence,* 104 Idaho 172, 176, 657 P.2d 469, 473 (1982); *Mellinger, supra.*

Although his application for post-conviction relief was filed more than eight years after the amendment of I.C. § 19–4902, LaFon argues that applying the five-year limitation to this case would violate the *ex post facto* clauses of the Idaho and United States constitutions and that I.C. § 19–4902 is a retroactive law prohibited by I.C. § 73–101 [4]. The United States Supreme Court has "recognized that central to the *ex post facto* prohibition is a concern for 'the lack of fair notice and

governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.'" *Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987) (*quoting Weaver v. Graham,* 450 U.S. 24, 30, 101 S.Ct. 960, 965, 67 L.Ed.2d 17 (1981)). LaFon suggests that *Miller, supra,* and *Weaver, supra,* compel the conclusion that application of the limitation prescribed in I.C. § 19–4902 to his claims is an *ex post facto* violation. We disagree.

The Court held in each of those cases that the defendant had been substantially disadvantaged: one by retrospective application of revised sentencing guidelines; and the other by application of a statutory change in the method of computing "gain time" for good conduct. The *Miller* Court reiterated the test for finding that a statute falls within the *ex post facto* prohibition. "Two critical elements must be present: first, the law 'must be retrospective, that is, it must apply to events occurring before its enactment'; and second, 'it must disadvantage the offender affected by it.'" *Miller,* 482 U.S. at 430, 107 S.Ct. at 2451 (*quoting Weaver,* 450 U.S. at 29, 101 S.Ct. at 964). However, "no ex post facto violation occurs if a change does not alter 'substantial personal rights,' but merely changes 'modes of procedure which do not affect matters of substance.'" *Id.* (*quoting Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977)). "Hence, no ex post facto violation occurs if the change in the law is merely procedural and does 'not increase the punishment, nor change the ingredients of the offence [sic] or the ultimate facts necessary to establish guilt.'" *Id.,* 482 U.S. at 433, 107 S.Ct. at

---

**3.** LaFon also contends that any limitation on the right to assert claims for denial of constitutional rights raises serious due process questions and violates the access to courts provision of the Idaho Constitution (Art. I, § 18). LaFon's brief does not list these contentions in the statement of issues on appeal as required by I.A.R. 35(a)(4), nor does his brief contain supporting argument or citation to authority as required by I.A.R. 35(a)(6). Failure to comply with the Idaho Appellate Rules eliminates the consideration

of those issues on appeal. *See State v. Prestwich,* 116 Idaho 959, 961, 783 P.2d 298, 300 (1989); *Jensen v. Doherty,* 101 Idaho 910, 911, 623 P.2d 1287, 1288 (1981); *Drake v. Craven,* 105 Idaho 734, 736, 672 P.2d 1064, 1066 (Ct.App. 1983).

**4. I.C. § 73–101. Codes not retroactive.**—No part of these compiled laws is retroactive, unless expressly so declared.

2452 (*quoting Hopt v. Utah,* 110 U.S. 574, 590, 4 S.Ct. 202, 210, 28 L.Ed. 262 (1884)).

In addition, the Idaho Supreme Court has said:

> An examination of the relevant case law from other jurisdictions indicates that a statute is not made retroactive merely because it draws upon facts antecedent to its enactment for its operation. As the California Supreme Court reasoned in *Holt v. Morgan, supra* [128 Cal.App.2d 113, 274 P.2d 915 (1954)], "[t]he contention [as here made by the appellant] is based on a misunderstanding of 'retroactive' as a legal concept." 274 P.2d at 917. In this regard, it is to be observed further that there is almost universal agreement that when a statutory period of limitation is amended to reduce the limitation period, the party whose right accrues before the effective date of the amendment cannot be heard to complain if he is given the full time allowed for action according to the terms of the amended statute from and after the effective date of the amended statute.

*University of Utah Hospital,* 104 Idaho at 174–175, 657 P.2d at 471–472 (citations omitted).

The district court in the instant case divided LaFon's allegations into two categories. The events giving rise to his allegation that his guilty plea was not voluntarily entered arose at the time of his arrest and sentencing. In his "petition" for post-conviction relief LaFon alleged that, while in the county jail, he continually was threatened and coerced by sheriff's deputies. The threats allegedly included violating his "co-habitator's" parole as a result of her arrest on conspiracy and firearms charges and removing her children from her custody; LaFon alleged he pled guilty to protect her and her children.

With respect to these claims, the district court found that LaFon had a rea-

sonable opportunity to file an application for post-conviction relief under the amended statute. There was substantial evidence to support these findings, and the district court did not err as a matter of law in applying the statute of limitation. Legislative reduction of a statutory period of limitation may apply to an accrued cause of action as long as a reasonable amount of time is allowed within which to assert the cause. *See University of Utah Hospital,* 104 Idaho at 175, 657 P.2d at 472.

The notice component of the *ex post facto* analysis relates to retrospectively applied statutes resulting in increased punishment. Whether or not LaFon had actual notice of the amendment to I.C. § 19–4902, the addition of the five-year limitation constituted a procedural change and, at least with respect to these allegations, did not operate to increase LaFon's punishment. In addition, we note that this Court previously has determined that the application of § 19–4902 is *prospective* and not *retrospective. Mellinger,* 113 Idaho at 33, 740 P.2d at 75.

The second category of allegations relates to LaFon's claim that his guilty plea was not knowingly entered because the change of policy by the Commission detrimentally affected his parole eligibility. He argues that the five-year statute of limitation should not apply because the constitutional violations he alleges are continuing ones and that he could not have known of the alleged violations prior to the Commission's decision in 1986. An application of the statute of limitation to these allegations would have resulted in a substantial disadvantage to LaFon in that the Commission's changed policy made him ineligible for parole until 1996. We note, however, that the district court refused to dismiss that portion of LaFon's application and applied a "discovery" exception to these allegations.[5]

---

**5.** The district court concluded that a strict application of the five-year limitation would have the effect of depriving LaFon of his claim under the Uniform Post–Conviction Procedure Act before the claim actually arose; and that such a result would be "manifestly unjust" and "inconsistent with the concept of fundamental justice." The state has not challenged the district court's application of a discovery exception to this category of LaFon's allegations. Rather, the state submits that the discovery exception was applied properly on these facts.

The order of the district court dismissing the untimely portion of LaFon's application for post-conviction relief is affirmed. No costs or fees awarded.

WALTERS, C.J., and SWANSTROM, J., concur.