913 P.2d 1183

Maria REYES, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 22045.

Court of Appeals of Idaho.

Feb. 6, 1996.

Rehearing Denied April 3, 1996.

Van G. Bishop, Canyon County Public Defender; Thomas A. Sullivan, Deputy Public Defender, Nampa, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

PER CURIAM.

Maria Reyes appeals from an order dismissing her application for post-conviction relief. The application was dismissed because it was filed beyond the time period permitted by Idaho Code § 19–4902. We affirm.

Reyes was convicted of felony injury to a child. The judgment of conviction was upheld in *State v. Reyes*, 121 Idaho 570, 826 P.2d 919 (Ct.App.1992). The remittitur in that appeal was issued on March 13, 1992. At the time, I.C. § 19–4902 provided that an application for post-conviction relief could be filed "at any time within five (5) years from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." However, in 1993, the legislature amended section 19–4902 by reducing the time period for filing an application for post-conviction relief to one year. 1993 Sess.Laws, ch. 265, p. 898. This amendment took effect on July 1, 1993, and shortened the limitation period for filing Reyes' claim to one year from the effective date of the amendment. *See University of Utah Hospital v. Pence*, 104 Idaho 172, 176, 657 P.2d 469, 473 (1982); *LaFon v. State*, 119 Idaho 387, 807 P.2d 66 (Ct.App.1991); *Mellinger v. State*, 113 Idaho 31, 740 P.2d 73 (Ct.App.1987).

Reyes filed her application for post-conviction relief on October 27, 1994, within five years after the remittitur from her earlier appeal, but more than one year after the effective date of the amendment to section 19–4902. The district court dismissed the application on the ground that it was barred by the 1993 amendment to section 19–4902.

On appeal, Reyes presents four arguments why the district court erred by concluding that her application was time-barred.

First, she contends that the court failed to apply a "discovery" exception based upon her assertion that she did not learn of the new, one-year time limit for filing her application until after that time had expired. Second, she argues that she was unaware of the change in the time allowed for filing her application because she was incarcerated in an institution which was not staffed with trained inmate law clerks. Third, she submits that not recognizing a discovery exception transforms the amendment to section 19–4902 into an ex post facto law. Finally, she asserts that dismissal of her application violates her right of access to the courts, protected under art. I, section 18 of the Idaho Constitution.

None of these arguments are persuasive. The sole ground for relief stated by Reyes in her application is a claim that her trial counsel was ineffective because the attorney "did not fully research facts and evidence, including evidence not presented at trial in order to find reasonable doubt as to [Reyes'] innocence." Reyes' application does not assert, nor does she argue on appeal, that this allegation concerned facts discovered after the time had expired for filing her application. Her argument on appeal focuses solely upon her alleged unawareness that the statute had been amended, while she was incarcerated, to shorten the time for filing her application. If a "discovery" exception should apply to the filing of an application for post-conviction relief, the exception must relate to *facts* learned by the applicant after expiration of the time limit established by I.C. § 19–4902. *See, e.g., Stuart v. State,* 118 Idaho 932, 801 P.2d 1283 (1990). This exception would render irrelevant the applicant's unawareness of the *time allowed by law* within which to file the application. The ignorance of a person of his or her right to bring an action does not prevent the running of a statute of limitation. *Coe v. Sloan,* 16 Idaho 49, 59, 100 P. 354, 358 (1909). In this regard, the Washington Supreme Court has explained:

> The key consideration under the discovery rule is the factual, not the legal, basis for the cause of action. The action accrues when the plaintiff knows or should know the relevant facts, whether or not the plaintiff also knows that these facts are enough to establish a legal cause of action. Were the rule otherwise, the discovery rule would postpone accrual in every case until the plaintiff consults an attorney.

*Allen v. State,* 118 Wash.2d 753, 826 P.2d 200, 203 (1992). Likewise, if a statute of limitation did not begin to run until the plaintiff became aware of the limitation, there would not be a discrete period applicable to all actions subject to the same limitation. Such a situation would be clearly contrary to the terms established by the legislature in section 19–4902. Accordingly, we reject Reyes' contention that she should be allowed to file her application beyond the period permitted by the statute.

It is also well settled that the amendment to section 19–4902 did not constitute an ex post facto change where an applicant is afforded the full time allowed by the amendment to file an application for post-conviction relief. *LaFon, supra.*

> In this regard, . . . there is almost universal agreement that when a statutory period of limitation is amended to reduce the limitation period, the party whose right accrues before the effective date of the amendment cannot be heard to complain if he is given the full time allowed [to commence the] action according to the terms of the amended statute from and after the effective date of the amended statute.

*University of Utah Hospital v. Pence,* 104 Idaho at 175, 657 P.2d at 472. Because Reyes was accorded the entire one-year period following the amendment to section 19–4902 within which to file her action, she was not deprived of any right by an ex post facto application of the law.

We also reject her argument that she has been deprived of access to the courts. Again, it is well settled that the adoption or modification by the legislature of a period of limitation for commencing an action does not violate art. I, section 18 of the Idaho Constitution. *Olsen v. J.A. Freeman Co.,* 117 Idaho 706, 791 P.2d 1285 (1990); *Hawley v. Green,* 117 Idaho 498, 788 P.2d 1321 (1990). Nevertheless, Reyes suggests that because she was incarcerated in an institution which

did not have a law library or law-trained inmates as clerks, who could have advised her about the amendment to section 19–4902, her right to access to the courts was impaired. However, she did not present any evidence in the district court that would prove or even raise a factual issue as to the sufficiency of the law library or existence of inmate law clerks at any of the penal facilities where she was located prior to filing her application for relief. In response to the state's motion to dismiss Reyes' application on the ground of untimeliness, Reyes acknowledged that she had been informed by her trial attorney in December 1990, following her conviction, of her right to file an application for post-conviction relief. Because Reyes presented no evidence to the district court to show that access to the courts had been denied, this claim fails.

The order dismissing Reyes' application for post-conviction relief because it was untimely filed is affirmed.