913 P.2d 1160

**Jose E. ESQUIVEL, Petitioner–Appellant,**

v.

**The STATE of Idaho, Respondent.**

No. 21759.

Supreme Court of Idaho,
Boise, February 1996 Term.

March 20, 1996.

Rehearing Denied April 24, 1996.

Raymundo G. Pena, Rupert, for appellant.

Alan G. Lance, Attorney General; Myrna Stahman, Deputy Attorney General, Boise, for respondent.

SCHROEDER, Justice.

This is an appeal by Jose E. Esquivel from the dismissal of his petition for post-conviction relief. The dismissal was based on the expiration of the statute of limitations found in section 19–4902 of the Idaho Code (Supp. 1995) (amended 1993). We affirm the dismissal.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Esquivel pled guilty to conspiracy to deliver a controlled substance and was sentenced on October 26, 1989, to a unified sentence of ten years with eight years fixed. Subsequently he filed a Rule 35 motion pursuant to the Idaho Criminal Rules (I.C.R.) to reduce his sentence. The motion was denied. He did not appeal this denial.

On October 27, 1994, Esquivel filed a motion for post-conviction relief from his judgment and commitment of October 26, 1989, claiming ineffective assistance of counsel. Esquivel claimed that his court appointed attorney failed, refused or neglected to contact Esquivel regarding the status of his case as it proceeded. The district court dismissed the petition pursuant to I.C. § 19–4902, because it was filed almost four months past the deadline of July 1, 1994. Section 19–4902 was amended in 1993 to reduce the statute of limitations to one year from the effective date of the amendment. Esquivel asserts

that the court should have applied the five-year statute of limitations that was in effect at the time of sentencing.

## II.

## THE DISTRICT COURT PROPERLY DISMISSED ESQUIVEL'S PETITION FOR POST–CONVICTION RELIEF ON THE GROUNDS THAT THE AMENDED ONE–YEAR STATUTE OF LIMITATION WAS APPLICABLE TO HIS PETITION.

In *University of Utah Hosp. v. Pence*, 104 Idaho 172, 657 P.2d 469 (1982), this Court addressed the issue of the applicability of a statute which limited the time for filing claims for medical indigency benefits. In *Pence* the University of Utah Hospital and Medical Center filed a claim for medical indigency benefits on behalf of a hospital patient. The claim was filed some eleven months after release of the patient from the hospital. *Id.* The claim would have been timely under the 1974 version of section 31–3504 of the Idaho Code, which allowed a year following discharge for a patient receiving emergency treatment to apply for county aid. However, the defendants moved to dismiss the action, asserting that the application was untimely. The 1976 version of I.C. § 31–3504, which became effective July 1, 1976, provided that "An application for or on behalf of a medically indigent person receiving emergency medical services may be made any time within forty-five (45) days following the admission of said person to the hospital furnishing said care." This provision became effective subsequent to the admission and release of the patient from the hospital. *Id.* at 174. The district court applied the 1976 version of I.C. § 31–3504 and dismissed the action. The district court decision was affirmed on appeal.

The *Pence* court recognized that retroactive application of the 1976 version of I.C. § 31–3504 would run contrary to general principles of law disfavoring such application and pointed out that section 73–101 of the Idaho Code prohibits retroactive laws, "unless expressly so declared." However, the Court declared that "a statute is not made

retroactive merely because it draws upon facts antecedent to its enactment for its operation," and concluded that the effect of the amended statute of limitations is prospective in nature and not retroactive. 104 Idaho at 174, 657 P.2d at 471.

The *Pence* court followed the reasoning of a California court:

In this regard, it is to be observed further that there is almost universal agreement that when a statutory period of limitation is amended to reduce the limitation period, the party whose right accrued before the effective date of the amendment cannot be heard to complain if he is given the full time allowed for action according to the terms of the amended statute from and after the effective date of the amended statute.

*Id.* at 175, 657 P.2d at 472 (citing *Olivas v. Weiner*, 127 Cal.App.2d 597, 274 P.2d 476 (1954)). Consequently, the Court concluded that the proper measure of the time limitation period began to run from July 1, 1976, the effective date of the 1976 version of I.C. § 31–3504. *Id.* at 176, 657 P.2d at 473.

The Court of Appeals addressed a similar issue in determining the application of a five-year limitation period for the filing of post-conviction relief petitions mandated by a 1979 amendment of I.C. § 19–4902. In *Mellinger v. State*, 113 Idaho 31, 740 P.2d 73 (Ct.App.1987), the issue presented was whether a five-year limitation period contained in an amended version of I.C. § 19–4902 applied to a conviction entered before the effective date of the amendment. The Court reasoned that the case was controlled by *University of Utah v. Pence* and concluded that the district court properly applied I.C. § 19–4902 as amended. The *Mellinger* court emphasized that the "case is not decided by the *retroactive* application of I.C. § 19–4902, but rather by the *prospective* application of the statute." *Mellinger*, 113 Idaho at 33, 740 P.2d at 75 (emphasis in original).

The *Mellinger* court also addressed the petitioner's claim that the five-year limitation was given unfair *ex post facto* application because it deprived him of a preexisting statutory right. The court quoted from the United States Supreme Court, which stated:

[E]ven if a law operates to the defendant's detriment, the ex post facto prohibition does not restrict "legislative control of remedies and modes of procedure which do not affect matters of substance." (citation omitted). Hence no ex post facto violation occurs if the change in the law is merely procedural and does "not increase the punishment, nor change the ingredients of the offense or the ultimate facts necessary to establish guilt." (citations omitted).

*Miller v. Florida*, 482 U.S. 423, 433, 107 S.Ct. 2446, 2452, 96 L.Ed.2d 351 (1987). The *Mellinger* court concluded that "no substantial right has been materially affected," and affirmed the dismissal of Mellinger's application for post-conviction relief. 113 Idaho at 34, 740 P.2d at 76. The Court indicated that "[t]he important factor is that Mellinger had filed two petitions since the statute was amended." *Id.* at 35, 740 P.2d at 77.

Esquivel asserts that his case is distinguishable from *Mellinger* since he has not filed for post-conviction relief prior to this claim. Since *Mellinger*, however, the. Court of Appeals has made it clear that its conclusion is not dependant upon prior post-conviction relief petitions having been filed. In *LaFon v. State*, 119 Idaho 387, 807 P.2d 66 (1991), the Court of Appeals cited to *Mellinger* for the rule that the five-year statute of limitation applied to cases where convictions were entered prior to the 1979 amendment which added the five year limitation period to I.C. § 19–4902. The Court pointed out that the five-year period began to run on July 1, 1979, the effective date of the amendment. *Id.* at 389, 807 P.2d at 68. Although Lafon's application for post-conviction relief was filed more than eight years after the amendment, Lafon argued that applying the five-year limitation to his case would violate the Ex Post Facto clauses of the Idaho and United States constitutions and that I.C. § 19–4902 is a retroactive law prohibited by I.C. § 73–101. *Id.*

The Court rejected LaFon's arguments and declared that, "[l]egislative reduction of a statutory period of limitation may apply to an accrued cause of action as long as a reasonable amount of time is allowed within which to assert the cause." *Id.* at 390, 807

P.2d at 69. The Court rejected LaFon's argument that he did not have actual knowledge of the amendment. LaFon had filed no prior petitions and was still found to be limited by the five-year statute of limitations. *See also Reyes v. State*, 913 P.2d 1183 (Ct. App.1996) and *Chapman v. State*, 918 P.2d 602 Docket No. 21763, 1996 WL 37935 (Ct. App. Feb. 1, 1996), decided recently by the Court of Appeals applying the one-year limitation period now in effect.

The reasoning of *Pence, Mellinger, LaFon, Reyes,* and *Chapman* is applicable to the present case. The application of I.C. § 19–4902 is not retroactive. Esquivel had the full term allowed by I.C. § 19–4902 in which to file the petition. He has no "substantial" rights which have been violated by the application of the limitation period based on the fact that the statute of limitations is procedural in nature. The amendment at issue became effective July 1, 1993. From that date, Esquivel had a full year to file his petition and failed to do so. A year was adequate time in which to require the filing of the petition.

### III.

### CONCLUSION

The district court's dismissal of the petition for post-conviction relief is affirmed. The respondent is awarded costs. No attorney fees are allowed.

McDEVITT, C.J., and JOHNSON, TROUT and SILAK, JJ., concur.