IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36243

| | | |
|---|---|---|
| **GARY GORDON,** | ) | **2010 Unpublished Opinion No. 622** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: September 1, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. John H. Bradbury, District Judge.

Order summarily dismissing application for post-conviction relief, <u>affirmed</u>.

Gary Gordon, Orofino, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge

Gary Gordon appeals from the district court's order summarily dismissing his successive application for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 1997, Gordon pled guilty to first degree murder and was sentenced to a unified term of life in prison, with a minimum period of confinement of fifteen years. Prior to sentencing, Gordon requested and submitted to a psychological evaluation. Trial counsel filed an I.C.R. 35 motion for reduction of sentence 126 days after the entry of Gordon's judgment of conviction.[1] However, no action was taken on the Rule 35 motion until 2007, when the state filed a motion to dismiss for lack of jurisdiction. The state's motion was granted by the district court in April

---

[1] Under I.C.R. 35(b), a court may reduce a sentence within 120 days after the filing of a judgment of conviction.

2008. This Court affirmed the district court's order dismissing the Rule 35 motion in an unpublished opinion. *State v. Gordon*, Docket No. 35022 (Ct. App. Mar. 3, 2009).

In 1998, Gordon filed a verified application for post-conviction relief. Appointed counsel filed an amended application, which the district court summarily dismissed in May 2001. Gordon appealed, and this Court affirmed the district court in an unpublished opinion. *Gordon v. State*, Docket No. 27621 (Ct. App. Jan. 23, 2003).

Five years later, Gordon filed a successive application for post-conviction relief, asserting that trial counsel was ineffective for failing to timely file and pursue the Rule 35 motion and for failing to file an appeal. In addition, Gordon claimed that trial counsel was ineffective for failing to advise Gordon of his right to remain silent during the psychological examination pursuant to the Idaho Supreme Court's decision in *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006). The state filed a motion to summarily dismiss Gordon's successive application, which the district court granted. Gordon appeals.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.2d 626, 628 (Ct. App. 2002). An application for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations or the application will be subject to dismissal.

2

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. A claim for post-conviction relief will be subject to summary dismissal if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof. *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068; *Goodwin*, 138 Idaho at 272, 61 P.2d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). In post-conviction actions, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

If an initial post-conviction action was timely filed and has been concluded, an inmate may file a subsequent application outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application. I.C. § 19-4908. *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v.*

*State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide "sufficient reason" for permitting newly asserted allegations or allegations inadequately raised in the initial application to be raised in a subsequent post-conviction application. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). *See also Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981); *Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct. App. 1999). Failing to provide a post-conviction applicant with a meaningful opportunity to have his or her claims presented may be violative of due process. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Hernandez*, 133 Idaho at 799, 992 P.2d at 794. *See also Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996); *Mellinger v. State*, 113 Idaho 31, 35, 740 P.2d 73, 77 (Ct. App. 1987) (Burnett, J., concurring). Thus, when a second or successive application alleging ineffectiveness of the initial post-conviction counsel is filed outside of the initial one-year limitation period, application of the relation-back doctrine may be appropriate. *See Hernandez*, 133 Idaho at 799, 992 P.2d at 794.

Analysis of "sufficient reason" permitting the filing of a successive application includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive application, we will consider it on a case-by-case basis. *Id.*

### III.

### ANALYSIS

Gordon argues that the district court erred by denying Gordon's successive application for post-conviction relief. Specifically, Gordon reasserts the merits of his application, arguing that his trial counsel was ineffective for failing to timely file and pursue the Rule 35 motion, failing to file an appeal, and failing to inform him of his right to remain silent during a psychological examination. The state argues that each of these claims is untimely because Gordon failed to assert them within a reasonable period of time.

While Gordon was represented by counsel during proceedings before the district court on his successive application, Gordon is not represented by counsel on appeal. Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *See Golay v. Loomis*, 118 Idaho 387, 392, 797 P.2d 95, 100 (1990). Furthermore, an individual's ignorance of his or her right to file a post-conviction

4

application for relief, or the time period in which it must be filed, does not toll a statute of limitation. *See Reyes v. State*, 128 Idaho 413, 415, 913 P.2d 1183, 1185 (Ct. App. 1996).

## A.     Rule 35 and Failure to File an Appeal

Gordon argues that the district court erred by dismissing his claims that his trial counsel was ineffective for failing to timely file and pursue the Rule 35 motion and for failing to file an appeal.   The state asserts that both claims are untimely because Gordon was aware of each claim at the time he filed his first post-conviction application.  Gordon responds that these claims were not known to him and that he assumed counsel was still pursuing his Rule 35 motion.

Gordon timely filed his first application for post-conviction relief and asserted, among other claims, that his trial counsel was ineffective for failing to timely file a Rule 35 motion and for failing to file an appeal.  However, counsel for Gordon filed an amended post-conviction application, which did not include the Rule 35 claim or the claim that trial counsel failed to file an appeal.  The district court dismissed the application, and this Court affirmed.  Gordon argued below that his first post-conviction counsel was ineffective for failing to include these claims in the first application for post-conviction relief, providing him with a sufficient reason for filing a successive claim.   Nevertheless, Gordon waited five years after proceedings on his first application had concluded before filing this successive application.  As mentioned above, I.C. § 19-4908 requires that an applicant must have a sufficient reason for filing a successive application.   Analysis of a sufficient reason permitting the filing of a successive application includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875.  Because Gordon was aware that his post-conviction counsel omitted these claims from his initial application, he should have filed this successive application within a reasonable time after the conclusion of the initial post-conviction proceedings.  However, five years is not a reasonable amount of time to wait to assert known claims.[2]  As such, the district court did not err by dismissing Gordon's claims that trial

---

[2]     While Gordon did not make this argument on appeal, during proceedings below on the successive application, Gordon argued that he asserted his Rule 35 claim within a reasonable period of time due to the pending proceedings on the Rule 35 motion before the district court in 2007 and 2008.  Specifically, Gordon asserted that he waited to file his successive application until it appeared that the district court was going to dismiss his Rule 35 motion.  However, this argument was without merit.  Prior to the proceedings on the Rule 35 motion in 2007 and 2008, Gordon was well aware that trial counsel had failed to file a timely Rule 35 motion and that the

counsel was ineffective for failing to timely file the Rule 35 motion and for failing to file an appeal.

While the district court dismissed Gordon's claim that counsel failed to file an appeal because the claim was untimely, the district court did not address the timeliness of Gordon's application as it related to the Rule 35 claim. Rather, the district court dismissed the Rule 35 claim because Gordon failed to show that he was prejudiced by the motion's untimely filing. However, an appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990). Because the Rule 35 claim was untimely, we affirm the district court's dismissal of the claim on this alternative basis.

**B.     *Estrada* Claim**

Gordon argues that the district court erred by dismissing his successive application because trial counsel failed to inform him of his Fifth Amendment right to remain silent during his psychological examination pursuant to the Supreme Court's decision in *Estrada*. *Estrada* was announced almost ten years after entry of Gordon's judgment of conviction. However, the Idaho Supreme Court has said, by way of dicta, that *Estrada* did not announce a new rule of law to be given retroactive application. *See Vavold v. State*, 148 Idaho 44, 46, 218 P.3d 388, 390 (2009). This Court has also held that *Estrada* did not announce a new rule of law to be given retroactive application. *See Kriebel v. State*, 148 Idaho 188, 191, 219 P.3d 1204, 1207 (Ct. App. 2009). This Court's holding in *Kriebel* is controlling precedent in the absence of any Idaho Supreme Court holding to the contrary. Gordon should have been aware of this claim at the time he filed his first application for post-conviction relief. However, Gordon did not assert this claim in his initial application and has failed to demonstrate a sufficient reason for waiting approximately ten years to assert it in his successive application. Because *Estrada* did not

---

motion had not been addressed for several years. As such, Gordon could have asserted these claims in a successive application filed soon after the conclusion of the proceedings on his initial application for post-conviction relief. Further, Gordon did not wait for the district court's final decision on the motion's timeliness before he made that claim in his successive application. Rather, Gordon asserted that counsel was ineffective for failing to file a timely motion prior to the issuance of the district court's order dismissing the Rule 35 motion.

announce a new rule of law, Gordon has failed to assert this claim within a reasonable period of time. Accordingly, the district court did not err by dismissing this claim.

## IV.

## CONCLUSION

At the conclusion of the proceedings on Gordon's initial post-conviction application, Gordon was aware that post-conviction counsel had failed to include ineffective assistance of counsel claims for failure to timely file and pursue the Rule 35 motion and for failure to file an appeal and did not assert those claims within a reasonable time. Further, the Idaho Supreme Court's decision in *Estrada* did not announce a new rule of law. Gordon was aware that his counsel did not advise him of his right to remain silent during the psychological evaluation at the time he filed his initial application for post-conviction relief. Therefore, his claim that counsel was ineffective for failure to advise him of his right to remain silent was also untimely. Gordon has failed to show that the district court erred by dismissing Gordon's successive application for post-conviction relief. Accordingly, the district court's order summarily dismissing Gordon's successive application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**