On October 22, 1928, Bruno Pahlke allegedly received a compensable injury while working indirectly for the Atlas Tie Company. A claim for compensation was made a day or so after the injury, he was examined by a physician and upon his advice was hospitalized in Spokane where he died on November 2, 1928, leaving no dependents. March 24, 1932, respondent, State of Idaho, filed a claim with the Industrial Accident Board for the nondependent award of $1,000 provided for in I. C. A., sec.43-1101, subdivision 6. At a hearing of the Board, respondent was awarded $1,000 and on appeal to the district court the award was affirmed.
Appellant urged that since no claim was filed by the State within a year it cannot recover. Respondent takes the position that it never had to file a claim and even if it did that the $1,000 provided for in subdivision 6 of I. C. A., sec.43-1101,[1] is not a claim for compensation and therefore does not fall within the one year requirement of I. C. A., sec. 43-1202.[2]
While it is true that in a sense it is not compensation *Page 341 
such as is paid to an injured employee or his heirs or representatives, that does not altogether answer the question because it is a question of legislative intent, and if as to the necessity of filing a claim within a year, the legislature intended this $1,000 to be classed as compensation the claim must be so filed. If respondent's contention were to be taken at its full face value the $1,000 would have to be paid to the State irrespective of whether the accident arose out of and in the course of the employment, because I. C. A., sec.43-1001,[3] classes all payments under the act as payments of compensation. (Federal Mut. Liability Ins. Co. v. Locke,56 Fed. (2d) 1052, at 1054.) Yet not only does no one contend for such a construction but such would clearly be contrary to the express and evident purpose of the act. There is no reason to believe that the legislature intended to place greater restrictions upon an injured employee's dependents as to the time within which they should file a claim and the proof required of them than upon the State, the necessities of the dependents obviously being greater than the need of the State for the $1,000. The year requirement for the filing of the claim has been declared a positive deadline as to dependents and this relatively short time as compared to other general statutes of limitations must have been declared in a large part at least with the idea that only within such time could adequate proof be made that the accident arose out of and in the course of the employment. The claim was not filed in time, which obviates the necessity of discussing any of the other points raised by appellant.
As to the point that chapter 147, 1935 Session Laws, amending sec. 43-1101, supra, indefinitely extends the time, this court has laid down the rule that unless the legislature *Page 342 
in its enactments uses expressions clearly indicative of the intent that the statute be given retrospective effect, it will not be so construed. (McCoy v. Krengel, 52 Idaho 626,17 P.2d 547; Lawrence v. Defenbach, 23 Idaho 78, 128 P. 81; Peavyv. McCombs, 26 Idaho 143, 140 P. 965; Bellevue State Bank v.Lilya, 35 Idaho 270, 205 P. 893; Cook v. Massey, 38 Idaho 264,220 P. 1088, 35 A.L.R. 200; Nampa Meridian Irr. Dist. v.Barker, 38 Idaho 529, 223 P. 529.) Nothing in the 1935 statutes indicates such intention; therefore whether such amendment does extend the time or applies as a procedural amendment we do not consider.
Judgment reversed with directions to the district court to remand to the Industrial Accident Board with instructions to disallow respondent's claim. No costs allowed.
Budge and Holden, JJ., concur.
Morgan, J., concurs in the conclusion.
Ailshie, J., not participating.
[1] ". . . . In case there are no dependents of deceased employee, the employer shall pay into the state treasury to be deposited in the industrial administration fund the sum of $1,000."
[2] "No proceedings under this act for compensation for any injury shall be maintained unless . . . .; or, in the case of death, then within one year after such death, whether or not a claim had been made by the employee himself for compensation. Such notice and such claim may be made by any person claiming to be entitled to compensation or by some one in his behalf. . . . ."
[3] "If a workman receives personal injury by accident arising out of and in the course of any employment covered by this act his employer or the surety shall pay compensation in the amounts and to the person or persons hereinafter specified."