740 P.2d 73

**Alfred MELLINGER,**
**·Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 16675.

Court of Appeals of Idaho.

June 26, 1987.

Petition for Review Denied Sept. 17, 1987.

**32**

Alan E. Trimming, Ada County Public Defender, Boise, for petitioner-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

■ Effective July 1, 1979, I.C. § 19–4902 was amended to provide a five-year limitation period for filing an application for post-conviction relief. Previous to the amendment, no period of limitation was prescribed in the statute. This appeal presents the question whether the five-year limitation mandated by the amendment applies to a conviction entered before the effective date of the amendment. We hold that it does.

In June, 1972, Alfred Mellinger, who was found to be a persistent violator of the law, received concurrent life terms for each of two counts of assault with a deadly weapon. On November 18, 1985, he filed an application for post-conviction relief. The district court applied the five-year limitation in I.C. § 19–4902 and dismissed Mellinger's petition on grounds of untimeliness. Mellinger appeals from the dismissal order.

As originally enacted, I.C. § 19–4902 provided that an application for post-conviction relief "may be filed at any time." In 1979, however, the legislature amended the statute to provide that:

> An application may be filed at any time within five (5) years from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later.

1979 Idaho Sess. Laws, ch. 133 § 1, p. 428. The district court held that the amendment to the statute applied to Mellinger. The court determined that Mellinger had five years from July 1, 1979 (the effective date of the amendment) to file his application for relief. Because the application had been filed after the expiration of the five-year period, the district court dismissed the application.

Mellinger contends the court erred in applying the amendment to his petition. Relying on I.C. § 73–101, which provides that "[n]o part of these compiled laws is retroactive, unless expressly so declared," Mellinger asserts that the amendment to I.C. § 19–4902 contains no expression by the legislature indicating the amended statute should be given retrospective effect. It is well-settled that "unless the legislature in its enactments uses expressions clearly indicative of the intent that the statute be given retrospective effect, it will not be so construed." *In re Pahlke*, 56 Idaho 338, 341–42, 53 P.2d 1177, 1178 (1936).

Mellinger posed this same argument— unsuccessfully—to the district court. The district court, citing *University of Utah Hospital v. Pence*, 104 Idaho 172, 657 P.2d 469 (1982), held that legislative reductions of statutory periods of limitation may apply to accrued causes of action, provided a reasonable time is allowed within which to assert the cause. The court noted Mellinger previously had filed applications for post-conviction relief in 1981 and in 1983. Both of those applications had been dismissed. The court ruled:

> [Mellinger] cannot now argue that his post-conviction rights would be cut off by retroactive application of I.C. § 19–4902, when he has twice asserted those rights after the effective date of the statute as amended. ... Both Idaho case law and considerations of fairness support application of the 5–year statute of limitations

[sic] under I.C. § 19–4902 to the petition before this court, with the 5 year period commencing on July 1, 1979, the effective date of the statute.

We agree that this case is controlled by the Idaho Supreme Court's ruling in *University of Utah Hospital v. Pence, supra;* and hence, the district court correctly applied I.C. § 19–4902 as amended in 1979. However, contrary to the district court's ruling, this case is not decided by the *retroactive* application of § 19–4902, but rather by the *prospective* application of the statute. The *Pence* court, faced with the same issue as here, acknowledged that retroactive application of such a time limitation would be contrary to general principles of law and I.C. § 73–101 (which requires an express declaration for retroactive application of a statute). The *Pence* court stated that "a statute is not made retroactive merely because it draws upon facts antecedent to its enactment for its operation." *Id.* at 174, 657 P.2d at 471.

The *Pence* case dealt with an application for indigent medical services. The patient was admitted and released from the hospital at a time when the applicable statute permitted a one-year period for filing an application for aid. Subsequent to the patient's release, the statute was amended to reduce the allowable time for applying for aid to forty-five days following admission to the hospital. The Idaho Supreme Court ruled that the amended version of the statute was applicable. The Court indicated the amendment represented a change in procedural law, and the plaintiffs, although subject to the amended statute, were to be afforded the full forty-five day period beginning from the effective date of the amended statute. The Court noted the plaintiffs had "fair notice" of the new time limitation. Inherent in the Court's ruling was that forty-five days was a reasonable time within which to file for aid. The questions posed to the *Pence* court and to the present court are the same. Therefore we hold that application of the amended § 19–4902 in this case was proper.

We note that *Pence* drew two dissenting opinions. Justice Bakes argued that applying the new limitation period was a retroactive application of the statute. Justice Bakes' opinion was based on his view that the plaintiffs had acquired a right to file for benefits for a one-year period. He also argued that application of the amended statute ignored the plaintiff's right to rely on existing law and caused them undue hardship. Justice Bistline, who also concurred with Justice Bakes on the retroactivity issue, additionally challenged whether the plaintiffs received "fair notice" of the amendment, and whether they had had a reasonable opportunity to file a claim under the amended statute. We draw attention to these carefully constructed dissents because we conclude that our ruling in the present case would be the same even taking into consideration their arguments.

In the *Pence* case, the amended statute changed the filing period from one-year to forty-five days. The amendment here changed the limitation period from no time limit at all to five years. We think the difference between the forty-five days allowed in *Pence*, and the five years allowed here is an important distinction. Under Mellinger's interpretation a party convicted prior to 1979 would never be restricted as to filing a post-conviction relief petition; no reasonable time limit on the filing of a petition could ever be established. We conclude that Mellinger's interpretation does not comport with a consideration of the administration of justice. The five-year limitation period created here appears to this Court to at least be a reasonable time within which relief under Idaho's Post-Conviction Procedure Act may be sought. Also, at the time Mellinger filed this petition, existing case law and the amended statute clearly identified the five-year limitation period.

Addressing Justice Bistline's concerns in *Pence*, we note that Mellinger's two earlier petitions were filed after the effective date of the amended statute. Had Mellinger checked the statute at the time he filed even his first petition in 1981, he would have known of the amendment. We conclude that there was fair notice of the change.

■ Mellinger suggests that the five-year limitation was given unfair ex post facto application in that it deprived him of a preexisting statutory right (to file his application at any time). We find such an argument to be unpersuasive. In *State v. Coleman*, 185 Mont. 299, 605 P.2d 1000 (1979), the Montana Supreme Court addressed a similar argument. The Montana court had remanded to the district court for resentencing of the defendant for homicide. The defendant argued he was entitled to be sentenced under the law in effect at the time he committed his crime. The portion of that law which mandated the death penalty had been held unconstitutional; consequently the defendant could have been sentenced only to a life term under that law. The Montana court ruled that the district court, on remand, had correctly applied the subsequently enacted sentencing statute which authorized—but did not mandate—the death penalty after a mitigation hearing. The Montana court thoroughly discussed what makes application of a statute ex post facto. The court concluded that it was the *effect* the statute will have that determines its ex post facto nature. The court noted that the prohibition against ex post facto laws has its roots in the desire of the framers of the Constitution to prevent a sovereign authority from later making an act criminal which was innocent when committed. The court concluded that the important question to be asked is whether some substantial right of the accused has been materially affected. Changes in procedure not affecting materially the rights of the defendant do not come within the prohibition against ex post facto laws. *Id.*

More recently, the United States Supreme Court addressed the implication of ex post facto laws. The Court noted that "central to the *ex post facto* prohibition is a concern for 'the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.'" [Italics in original.] *Miller v. Florida*, —— U.S. ——, ——, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987) (*quoting Weaver v. Graham*, 450 U.S. 24, 30, 101

S.Ct. 960, 965, 67 L.Ed.2d 17 (1981)). The Court further held that:

[E]ven if a law operates to the defendant's detriment, the *ex post facto* prohibition does not restrict "legislative control of remedies and modes of procedure which do not affect matters of substance." [*Dobbert v. Florida*, 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977).] Hence no *ex post facto* violation occurs if the change in the law is merely procedural and does "not increase the punishment, nor change the ingredients of the offense or the ultimate facts necessary to establish guilt." *Hopt v. Utah*, 110 U.S. 574, 590 [4 S.Ct. 202, 210, 28 L.Ed. 262] (1884). [Italics in original.]

*Id.* —— U.S. at —— – ——, 107 S.Ct. at 2452–2453.

Here we conclude that no substantial right has been materially affected. Although the amendment does reduce the time period for filing to five years, such a reduction, especially within the context of this case, is not material. As noted, Mellinger had filed two petitions within the period allotted by the amended statute. Therefore, Mellinger had notice and a reasonable time within which to file his present petition for post-conviction relief. We agree with the district court that Mellinger cannot now argue that his rights would be cut off when he has twice asserted those rights since the effective date of the amendment.

Mellinger contends that his earlier second petition which was dismissed should not be "used against him" because he did not have effective assistance of counsel. After the second petition had been filed, the district judge issued an order giving Mellinger twenty days to show cause why the petition should not be dismissed. The court also appointed the public defender to represent Mellinger. Mellinger asserts that the public defender's office did not do anything to help him. This Court has not been provided with the records pertaining to Mellinger's previous petitions for post-conviction relief. Thus we cannot say what exactly occurred during those proceedings. However, we do not base our ruling today

on whether those proceedings dealt with the same issues now raised. The important factor is that Mellinger had filed two petitions since the statute was amended. Thus it is the act of filing that is of significance. Having done so, Mellinger simply cannot argue that application of the amended statutory time period of five years was unreasonable or unfair.

The order of the district court dismissing Mellinger's application for post-conviction relief is affirmed.

SWANSTROM, J., concurs.

BURNETT, Judge, specially concurring.

I concur in the foregoing opinion, but I write separately to comment on the issue of ineffective assistance of counsel. The real thrust of Mellinger's argument, as I understand it, is that his first two applications for post-conviction relief, filed within the five-year period which the Court today says was available to him under I.C. § 19–4902, were summarily dismissed because he did not have effective assistance of counsel in establishing grounds for relief. Thus, the argument goes, his third application—filed after the five-year period had elapsed—"relates back" to the prior applications and should not have been dismissed as untimely filed. Our lead opinion does not squarely meet this contention.

In a proper case, I believe a relation-back argument might well have merit. An applicant for post-conviction relief who cannot pay for private counsel is entitled under I.C. § 19–4904 to representation by a court-appointed attorney. If he is denied effective assistance of counsel, and as a result he inadequately raises grounds for relief in

his application to the court, he may file a subsequent application reasserting the grounds more fully. *See* I.C. § 19–4908. Thus, if a prisoner filed a timely application but it was dismissed due to ineffective assistance of counsel, I believe the prisoner would be entitled to file a subsequent application asserting his grounds for relief more fully even though the five-year period of limitation under I.C. § 19–4902 had elapsed in the meantime. To hold otherwise would leave the prisoner with no alternative than to sue the attorney for malpractice—a distasteful and onerous undertaking—or to seek a writ of habeas corpus from a federal court,[1] producing the very kind of outside interference in state judicial processes that the Post-Conviction Procedure Act was intended to avoid.

Unfortunately for Mellinger, this does not appear to be a proper case to invoke the relation-back doctrine. Mellinger's second application was filed in September, 1983, and was dismissed in February, 1984. More than one and one-half years elapsed before he filed his third application in November, 1985. This, in my view, exceeds a reasonable period for filing a subsequent application under I.C. § 19–4908 and relating that application back to an earlier application upon the asserted ground of ineffective assistance of counsel. Moreover, Mellinger's third application, unlike his argument on appeal, did not even mention prior ineffective assistance of counsel. It simply attacked the validity of the statute under which he was originally prosecuted for assault with a deadly weapon, and it alleged that the sentence he received was "excessive."[2] Using what appears to be boilerplate language in post-conviction relief ap-

---

1. Federal intervention might also be invited by a prisoner who is barred under the literal terms of I.C. § 19–4902 from seeking post-conviction relief upon a ground that was unknown during the five-year limitation period. This problem could be alleviated in part by subjecting I.C. § 19–4902 to a "discovery" exception similar to that found in other civil statutes of limitation. However it would not resolve the broader conceptual problem of attempting to impose a time limit upon a prisoner's right to challenge a continuing, illegal deprivation of his liberty. Indeed, where the claim for relief is based upon the deprivation of a constitutional right, it is far

from self-evident that the claim can be barred by a statutory time limit.

2. Mellinger's assertion that his sentence was excessive might well have been subject to summary dismissal even if it had been timely made. The excessiveness of a sentence, as opposed to its legality, is not among the grounds for post-conviction relief enumerated in I.C. § 19–4901, unless the claim of excessiveness is based upon "evidence of material facts, not previously presented and heard, that requires vacation of the ... sentence in the interest of justice...."

plications prepared at the Idaho State Correctional Institution, Mellinger characterized these grounds for relief as matters "not previously presented and heard...." Because the issue of ineffective assistance of counsel was not framed by Mellinger's application, it is not surprising that the record now before us contains no showing of how the results obtained on the first two applications would have been different if effective counsel had been furnished. Because the relation-back argument is made for the first time on appeal, and is not supported by a factual predicate in the record, I am constrained to reject it in this case. On this narrow basis, I concur in the Court's opinion today.